ERNEST LINWOOD LAWRENCE v. RAMONA S. LAWRENCE

No. 841DC1023

(Filed 2 July 1985)

**Divorce and Alimony § 30— equitable distribution—repairs, alterations and additions to separate property**

While real property purchased by the wife with her own funds prior to the marriage constituted her separate property, repairs, alterations and additions made to the property during the marriage constituted marital property. G.S. 50-20(b)(1) and (2).

APPEAL by plaintiff from *Parker, Judge.* Judgment entered 27 June 1984 in District Court, PASQUOTANK County. Heard in the Court of Appeals 7 May 1985.

Plaintiff instituted this action seeking an absolute divorce and an equitable distribution of the marital property based on one year's separation. In her answer, defendant joined in the prayer for divorce, but denied plaintiff's right to an equitable distribution. On 23 May 1983, plaintiff filed a motion to sever the issues of absolute divorce and equitable distribution, which the trial court granted. On the same date, the trial court also granted the parties an absolute divorce. Thereafter, on 13 July 1983, defendant moved for summary judgment on the issue of equitable distribution. The trial judge granted summary judgment as to an automobile and a mobile home, but denied the motion as to real property located in Perquimans County, North Carolina. On 27 June 1984, plaintiff's remaining claim for equitable distribution came on for trial with the trial judge sitting without a jury. At the conclusion of plaintiff's evidence, the trial judge granted defendant's motion to dismiss. From this order, plaintiff appealed.

*D. Keith Teague, P.A., for plaintiff appellant.*

*White, Hall, Mullen, Brumsey & Small, by John H. Hall, Jr., for defendant appellee.*

JOHNSON, Judge.

Plaintiff contends that the trial court erred in finding and concluding that no equity developed in the real property located in Perquimans County, irrespective of the repairs, alterations and additions contributed by plaintiff. The trial court granted defendant's motion to dismiss at the close of plaintiff's evidence, thus the only evidence before the trial judge was supplied by plaintiff. This evidence indicated that the parties were married on 19 May 1978. Defendant, prior to the marriage, purchased Lot 4, Section two, of Durant's Colony in Perquimans County and title was in her name alone. After the marriage until the date of separation, there were various repairs, alterations and additions made to the house and waterfront area. Plaintiff's contributions resulted mostly from his labor expended on the improvements. Plaintiff attempted to show the value of his labor through his own opinion testimony, but such testimony was excluded by the trial judge.

The trial judge also excluded testimony as to the value of the house.

The trial judge found, *inter alia*, that defendant purchased the house prior to her marriage to the plaintiff. Defendant paid for all materials and hired labor incident to repairs, alterations and additions to the house and waterfront area and the only contribution by plaintiff was labor. The court further found that plaintiff was making the improvements for the mutual benefits of the parties and did not intend to charge the wife for the improvements. The court found no credible, competent evidence with respect to the value of the work done by plaintiff. The court also failed to find any credible, competent evidence with respect to the net value of the marital property claimed by plaintiff. From these findings, the trial judge concluded (1) that no equity in said real property, solely owned by defendant and purchased by defendant prior to her marriage to plaintiff, developed during the marriage because of repairs, alterations and additions made by plaintiff; (2) that the repairs, alterations and additions made by plaintiff to the real property, solely owned by defendant and purchased by defendant prior to her marriage to plaintiff, do not constitute marital property and the same, therefore, are not subject to equitable distribution; and (3) there is no credible, competent evidence with respect to the value of the work performed by plaintiff or the value of the repairs, alterations and additions made to the real property, solely owned by defendant and purchased by defendant prior to her marriage to plaintiff. We disagree.

Under G.S. 50-20(c), equitable distribution applies only to the net value of marital property. This requires the trial court to first ascertain *what is marital property*, then to find the net value of that property, and finally to make a distribution based upon the equitable goals of the statute and the various factors specified therein. *Turner v. Turner*, 64 N.C. App. 342, 307 S.E. 2d 407 (1983). The Equitable Distribution Act says that "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property [,]" is "marital property," subject to distribution under the Act. G.S. 50-20(b)(1). "Separate property" includes property acquired before marriage, as well as property

---

Lawrence v. Lawrence

---

acquired in exchange for separate property. G.S. 50-20(b)(2). Moreover, "[t]he increase in value of separate property and the income derived from separate property shall be considered separate." *Id. Phillips v. Phillips*, 73 N.C. App. 68, 72, 326 S.E. 2d 57, 60 (1985).

The trial court properly found that the real property located in Perquimans County was separate property, as the property was purchased by the defendant prior to her marriage to the plaintiff from her own funds. G.S. 50-20(b)(2). The controversy centers upon the characterization of the repairs, additions and alterations made to the separate property owned by defendant. We find that the trial court erred in concluding that these contributions were not marital property.

G.S. 50-20(b)(2) provides that the increase in value of separate property and the income derived from separate property shall be considered separate. This provision concerning the classification of the increase in value of separate property has been interpreted as referring only to passive appreciation of separate property, such as that due to inflation, and not to active appreciation resulting from the contributions, monetary or otherwise, by one or both spouses. *Wade v. Wade*, 72 N.C. App. 372, 325 S.E. 2d 260 (1985). The Court held that increase in value of separate property due to active appreciation, which otherwise would have augmented the marital estate, is marital property. *Id.*

We conclude that the real property concerned herein must be characterized as part separate and part marital. It is clear the marital estate invested substantial labor and funds in improving the real property, therefore the marital estate is entitled to a proportionate return of its investment. *Id.; Accord, Turner v. Turner*, 64 N.C. App. 342, 307 S.E. 2d 407 (1983) (where an equity developed in a house purchased by the husband before marriage because of improvements or payments contributed to by the wife during marriage, that equity could be marital property). That part of the real property consisting of the unimproved property owned by defendant prior to marriage should be characterized as separate and that part of the property consisting of the additions, alterations and repairs provided *during marriage* should be considered marital in nature. As the marital estate is entitled to a return of its investment, defendant because of her contribution of

separate property is entitled to a return of, or reimbursement or credit for, that contribution.

To the extent the property is marital in character, it must be divided pursuant to the Equitable Distribution Act. Following the dictates of the Act, we do not believe the plaintiff's two remaining assignments of error will arise at the next proceeding, therefore we decline to address them. The trial court's judgment must be vacated and the cause remanded for a determination and division of the marital assets.

Vacated and remanded.

Judges WELLS and COZORT concur.