FRANCES LEE NANCE McIVER v. GARY CALVIN McIVER

No. 8822DC343

(Filed 6 December 1988)

1. **Divorce and Alimony § 30— equitable distribution—claim filed before divorce action**

    The district court had jurisdiction over a wife's equitable distribution claim even though a divorce action was not pending at the time the claim was asserted where the couple separated; the wife brought an action for alimony without divorce and equitable distribution; the husband subsequently filed a separate action for absolute divorce based on one year's separation; the divorce was granted; and the wife thereafter pursued her equitable distribution claim. The provisions of N.C.G.S. § 50-20(k) (Supp. 1981), N.C.G.S. § 50-21(a) (Supp. 1981), and N.C.G.S. § 50-11(e) as they read at all times relevant to this appeal are interpreted to mean that the right to an equitable distribution is an inchoate right exercisable only in a divorce action and that the actual distribution of property must follow a divorce decree, not that the right to assert an equitable distribution claim is triggered by the filing of a divorce action or that the right to equitable distribution was destroyed by the divorce decree because the wife failed to assert that right anew after the husband filed the divorce action. Moreover, recent amendments provide that the rights of the parties vest at the time of the parties' separation, so that, had the equitable distribution claim and divorce action been filed after the effective date of the amendments, the husband's argument would have been dismissed summarily.

2. **Divorce and Alimony § 30— equitable distribution—consideration of premarital relationship**

    There was no prejudice in an equitable distribution action where the court's recitation in the findings of the extramarital nature of the parties' premarital relationship suggests that the trial judge may have improperly considered fault in making the distribution because the extramarital relationship involved these two parties and there was nothing to indicate that the husband was prejudiced by this consideration.

3. **Divorce and Alimony § 30— equitable distribution—premarital contributions**

    The trial judge did not err by considering the parties' premarital contributions in an equitable distribution proceeding because premarital contributions are relevant in an equitable distribution proceeding to the extent those contributions constitute separate property, entitling the contributing spouse to credit where property of mixed marital and separate character is distributed.

4. **Divorce and Alimony § 30— equitable distribution—property acquired during premarital cohabitation**

    The trial judge in an equitable distribution action improperly relied upon the parties' premarital relationship in classifying certain property as marital. Only married persons are afforded the protections of our equitable distribution statute.

**5. Divorce and Alimony § 30— equitable distribution—marital property—improper classification**

      The trial court erred in an equitable distribution action by classifying certain property as marital property where there was evidence that some property consisted entirely of separate interests while other property consisted of marital and separate property and there was no accounting for the husband's interest existing before marriage.

**6. Divorce and Alimony § 30— equitable distribution—classification of property—insufficient findings**

      The trial court erred in an equitable distribution action by making erroneous and insufficient findings of fact and conclusions of law regarding classification of property as marital or separate where the court erroneously classified certain property, tainting the findings and conclusions regarding evaluation and distribution; the method of valuing the marital portion of a lakefront home was inadequate to support the award to the wife; and the findings provided insufficient support for the division of the property.

APPEAL by defendant from *George T. Fuller, Judge.* Order entered 3 March 1988 in District Court, IREDELL County. Heard in the Court of Appeals 25 October 1988.

*No brief filed for plaintiff-appellee.*

*William L. Durham for defendant-appellant.*

BECTON, Judge.

This equitable distribution action is before our court a second time. Defendant, Gary Calvin McIver, appeals an equitable distribution order awarding $17,091.50, representing a one-half interest in certain items deemed marital property, to the plaintiff, Frances Lee Nance McIver. We reverse and remand the case.

I

A. *Facts*

The parties were married 19 April 1980. They began seeing each other in 1975, when each was still married to another person. In 1978, two years before they were married, Gary McIver financed the purchase of a lakefront lot and mobile home, making a down payment with funds from the sale of a home owned by him and his first wife. The parties lived together at the lakefront home off and on until they were married.

The record reveals no direct financial contribution by Frances McIver toward purchase of the home during the period preceding their marriage. However, she performed housekeeping chores, helped with the upkeep of the property, and assisted in building a seawall along the shore. The parties continued to live at the lakefront home and made improvements to it after they were married and until their separation in December 1981.

B. *Procedural History*

Frances McIver ("the wife") brought the present action in May 1982 seeking alimony without divorce and an equitable distribution. Gary McIver ("the husband") subsequently filed a separate action for absolute divorce based on one year's separation. The divorce was granted on 8 February 1983. The wife thereafter pursued her equitable distribution claim and, in September 1984, was awarded title to certain personal property and a one-half interest in the lakefront home.

The husband appealed the 1984 equitable distribution order to this court. We vacated that order on the ground that the trial judge failed to find as a fact that an absolute divorce judgment had been entered before the equitable distribution matter was decided.

The wife's equitable distribution claim was heard again in district court. On 3 March 1988, the trial judge ordered the husband to pay the wife $17,091.50, representing "her one-half interest in the net value of the marital properties. . . ." From this order, the husband appeals.

C. *Assignments of Error*

The husband alleges that the trial judge erred by: (1) deciding the equitable distribution action in the first instance since, he argues, the court lacked jurisdiction to hear it; (2) considering the parties' premarital relationship and premarital contribution to certain property when making the distribution; (3) improperly classifying certain property as marital; and (4) making erroneous or insufficient findings of fact and conclusions of law. We address these contentions in order.

McIver v. McIver

## II

**[1]** The husband first contends that certain provisions of the North Carolina Equitable Distribution Act invalidate the equitable distribution order entered in the present case. He maintains that the district court never had jurisdiction over the wife's equitable distribution claim because a divorce action was not pending at the time she asserted the claim. He further argues that the wife was barred from obtaining a distribution of property because she did not raise anew her right to equitable distribution in the separate divorce action prior to entry of the divorce decree. We disagree.

### A. *"Vesting" of Right to Equitable Distribution*

The husband relies heavily on the language in Section 50-20 (k) in making his argument. At all times relevant to this appeal, that section provided:

> The rights of the parties to an equitable distribution of marital property are a species of common ownership, the *rights* of the respective parties *vesting at the time of filing the divorce action.*

N.C. Gen. Stat. Sec. 50-20(k) (Supp. 1981) (emphasis added).

He interprets this section to mean that the wife's right to equitable distribution could not be asserted until a divorce action was filed. He argues that because she asserted her claim prior to the husband's action for divorce, she stated no cause of action, and thus, the court lacked jurisdiction to enter an order of equitable distribution.

We interpret Section 50-20(k) differently. This section does not provide that the right to *assert* an equitable distribution claim is triggered by the filing of a divorce action. Nor does it provide that an equitable distribution claim is void if asserted prior to filing an action for divorce. Instead, we read this section to mean that the *right* to equitable distribution is an inchoate right exercisable only in a divorce action. Thus, for example, absent a consent judgment, the right to equitable property distribution cannot be effectuated during the one-year separation period that necessarily precedes a filing for absolute divorce; this does not mean that a claim for equitable distribution cannot be made

during that period. Our interpretation meshes with N.C. Gen. Stat. Secs. 50-21(a) and 50-11(e), and with recent amendments to the statute, discussed below.

B. *Sequence of Divorce and Equitable Distribution Judgments*

The husband finds further support for his argument in his reading of Section 50-21(a). At all times relevant to this appeal, that section provided in part:

[1] *Upon application of a party to an action for divorce,* an equitable distribution of property *shall follow* a decree of absolute divorce. [2] A party may file a cross action for equitable distribution in a suit for an absolute divorce, or *may file a separate action* instituted for the purpose of securing an order of equitable distribution. . . . [3] The *equitable distribution may not precede a decree of absolute divorce.* . . .

N.C. Gen. Stat. Sec. 50-21(a) (Supp. 1981) (emphasis added) (bracketed numerals added). The husband relies only on the first quoted sentence to conclude that one must be a party to an existing divorce action before an equitable distribution claim may be asserted. We reject his argument.

Nothing in this section mandates the precise time that application for equitable distribution must be made; it merely provides that the actual distribution of property must follow a divorce decree. We believe that the first sentence speaks only to the proper *sequence* of *judgments* when a party to a divorce action also asserts a claim for equitable distribution in the same action. Furthermore, the second quoted sentence makes it clear that alternative means of requesting equitable distribution exist, specifically permitting a party to assert the right in a *separate action,* as occurred in the case before us. Finally, the third quoted sentence establishes a parallel rule for the sequence of divorce and equitable distribution judgments when the equitable distribution claim is asserted in a separate action.

C. *Right to Equitable Distribution Asserted Prior to Divorce*

Finally, the husband relies upon Section 50-11(e), which provided that:

*An absolute divorce obtained* within this State *shall destroy the right of a spouse to an equitable distribution* of the

marital property under G.S. 50-20 *unless the right is asserted prior to judgment of absolute divorce. . . .*

N.C. Gen. Stat. Sec. 50-11(e) (Supp. 1981) (1987) (emphasis added). He argues that the right to equitable distribution was destroyed by the entry of the divorce decree because the wife failed to assert that right anew after he filed the divorce action.

The husband incorrectly assumes that the wife's claim for equitable distribution was of no effect because it was asserted before he filed the action for divorce. For the reasons above, we find that contention without merit. Furthermore, we accord great weight to the language, ". . . unless the right is *asserted prior to judgment of absolute divorce.*" This section merely requires an equitable distribution claim to be asserted *at any time prior to judgment,* and does not prohibit a claim asserted before a divorce action is filed.

D. *Recent Amendments*

Our interpretation is consistent with recent amendments made to Sections 50-20(k) and 50-21(a). Section 50-11(e) was not amended.

Section 50-20(k) now provides that "[t]he rights of the parties to an equitable distribution of marital property . . . [vest] *at the time of the parties' separation.*" N.C. Gen. Stat. Sec. 50-20(k) (1987) (amended effective 1 October 1987) (emphasis added).

Section 50-21(a) now provides:

*At any time after a husband and wife begin to live separate and apart from each other, a claim for equitable distribution may be filed,* either as a separate civil action, or together with any other action brought pursuant to Chapter 50 of the General Statutes . . . . A judgment for an equitable distribution shall not be entered prior to entry of a decree of absolute divorce, except for a consent judgment, which may be entered at any time during the pendency of the action . . . .

N.C. Gen. Stat. Sec. 50-21(a) (1987) (amended effective 1 October 1987) (emphasis added). *See also Hearings on H.B. 1106 Before the N.C. House Judiciary III Committee* (6 August 1987).

The amendments do not alter our analysis. We simply note that had the equitable distribution claim and divorce action been

filed after the effective date of the amendments, the husband's argument would have been dismissed summarily.

We reject the husband's reading of the original version of the statutes and hold that the wife's claim for equitable distribution was valid and appropriate for determination by the district court judge.

## III

The husband assigns as error the trial judge's consideration of the parties' premarital relationship in classifying and distributing property. He first asserts that the judge improperly considered fault in making the distribution. He next argues that contributions before the marriage toward acquisition of property should never be considered in an equitable distribution proceeding. Finally, he contends that the judge erred in classifying certain property acquired in part before marriage as marital property. We find merit only in the husband's last contention.

A. *Findings of Fact and Conclusions of Law*

The trial judge made the following findings of fact pertinent to this appeal:

[1] That plaintiff and defendant began a relationship in 1975 and saw each other on a regular basis; that they began engaging in a sexual relationship about November 1975, and continued in that type of relationship until the date of separation; that during the early years of the parties' relationship the defendant was married to another woman.

[2] That plaintiff and defendant discussed marriage and contemplated marriage, and that in contemplation of marriage the parties looked for a home to purchase; that by deed dated May 16, 1978, [the lakefront lot and mobile home were] conveyed to Gary Calvin McIver . . .; that . . . Gary Calvin McIver, individually, executed a note and deed of trust in favor of Piedmont Bank and Trust Company, in the original amount of $24,750.00. . . .

[3] That subsequent to said purchase, the parties lived together and that plaintiff helped keep said property cleaned up and made improvements to the property, and the parties maintained said property jointly as a home.

. . .

[9] That the Court finds the following properties are marital properties, with values as of the date of separation as follows: Lot No. 67, Lake Norman, and the mobile home thereon, at a value of $55,000 subject to a maximum loan of $24,750 with a net value of $30,250; a 1981 Toyota automobile with a value of $1,027; 1974 Ford van with a value of $1,100; a U.S. Savings Bond with a value of $106; a pontoon boat and motor with a value of $1,000; a Kenmore washer with a value of $250; a Whirlpool dryer with a value of $200; and a microwave oven with a value of $250.

. . .

[11] That plaintiff and defendant were both employed during the years of their relationship, and the court finds that payments have been made since 1978 on the loan [on the lakefront lot and mobile home], from the earnings of both of the parties hereto; however, the Court cannot find from the evidence the balance due as of the date of separation . . . and therefore finds that the maximum indebtedness could not be more than the original amount of the loan, which was $24,750.

Based on the findings of fact, the judge made the following conclusions of law:

That the following properties are marital properties and subject to equitable distribution: Lot No. 67 of Lake Norman and the mobile home located thereon, the 1981 Toyota automobile, the 1974 van, a U.S. Savings Bond, pontoon boat and motor, Kenmore washer, Whirlpool dryer, and microwave oven; that the net value of said marital properties as of the date of separation in December, 1981, was $34,183, and that an equal division of the net value of marital properties should be made.

The husband was ordered to pay the wife $17,091.50.

B. *Fault is an Improper Consideration*

[2] We first address the husband's contention that the judge erred in considering the parties' fault in making the distribution.

The North Carolina equitable distribution statute, N.C. Gen. Stat. Sec. 50-20, requires the trial judge to follow a three-step pro-

cedure in deciding equitable distribution matters: (1) all property must be classified as marital or separate, and when property has dual character, the component interests of the marital and separate estates must be identified; (2) the net value of marital property must be determined; and (3) marital property must then be distributed equally or, if equal division would be inequitable, distributed according to the equitable factors set out in N.C. Gen. Stat. Sec. 50-20(c). *See generally, Cable v. Cable*, 76 N.C. App. 134, 137, 331 S.E. 2d 765, 767 (1985), *disc. rev. denied*, 315 N.C. 182, 337 S.E. 2d 856 (1985). Misconduct not related to the economic condition of the marriage is not an appropriate consideration under the third step. *See Smith v. Smith*, 314 N.C. 80, 81, 331 S.E. 2d 682, 687 (1985).

Here, recitation in the findings of the extramarital nature of the parties' premarital relationship suggests that the trial judge may have improperly considered fault in making the distribution. However, the husband does not assert, and we see nothing to indicate, that the husband was prejudiced by this consideration. After all, the extramarital relationship involved these two parties. Therefore, we find the error, if any, to be harmless.

C. *Premarital Contributions to Acquisition of Property*

[3] The husband next urges us to hold that a trial judge hearing an equitable distribution action may never consider premarital contributions to separate or marital property. This we cannot do.

North Carolina has adopted the "source of funds" rule in determining whether property is marital or separate. Under the source of funds analysis, property is "acquired" as it is paid for, and thus may include both marital and separate ownership interests. *McLeod v. McLeod*, 74 N.C. App. 144, 148, 327 S.E. 2d 910, 913 (1985), *cert. denied*, 314 N.C. 331, 333 S.E. 2d 488 (1985). Under the rule, property acquired with separate funds prior to marriage remains separate, and is not converted to marital property merely because it was purchased in anticipation of marriage. *Tiryakian v. Tiryakian*, 91 N.C. App. 128, 135, 370 S.E. 2d 852, 856.

In applying the source of funds rule, the financial or other contributions by the marital and separate estates toward the acquisition of property must be identified and accounted for. As we

stated in *Wade v. Wade*, "when both the marital and separate estates contribute assets towards the acquisition of property, each estate is entitled to an interest in the property in the ratio its contribution bears to the total investment in the property." 72 N.C. App. 372, 382, 325 S.E. 2d 260, 269 (1985), *disc. rev. denied*, 313 N.C. 612, 330 S.E. 2d 616 (1985) (citations omitted).

Thus, premarital contributions *are* relevant in an equitable distribution proceeding, to the extent those contributions constitute separate property, entitling the contributing spouse to credit when property of mixed marital and separate character is distributed. *See Tiryakian*, 91 N.C. App. at 136, 370 S.E. 2d at 856; *Willis v. Willis*, 86 N.C. App. 546, 549, 358 S.E. 2d 571, 573 (1987); *Lawrence v. Lawrence*, 75 N.C. App. 592, 595-96, 331 S.E. 2d at 186, 188 (1985), *disc. rev. denied*, 314 N.C. 541, 335 S.E. 2d 18 (1985). Therefore, it was not error for the trial judge to consider the parties' premarital contributions in this proceeding.

D. *Property Acquired During Cohabitation is not Marital Property*

[4] It appears from the record, as the husband maintains, that the trial judge improperly relied upon the parties' premarital relationship—in particular, the fact that they lived together—in classifying certain property as marital. In doing so, the judge operated under a misapprehension of the law.

Only married persons are afforded the protections of our equitable distribution statute. That statute is unambiguous: property must be acquired *during marriage* to be classified as marital property, and only marital property is subject to distribution. N.C. Gen. Stat. Sec. 50-20(b)(1), (2) (1987); *see Wade*, 72 N.C. App. at 378, 325 S.E. 2d at 267. We decline to expand the Legislature's clear definition of marital property to include property acquired prior to marriage. *Cf. Rolle v. Rolle*, 219 N.J. Super. 528, 530 A. 2d 847 (1987); *Mangone v. Mangone*, 202 N.J. Super. 505, 495 A. 2d 469 (1985); *Grishman v. Grishman*, 407 A. 2d 9 (Me. 1979) (all declining to classify property acquired during premarital cohabitation as marital property).

The record shows that the wife's premarital contributions to what later became the marital home consisted of services in the form of housekeeping, upkeep of the property, and helping to con-

struct a seawall. Though we do not decide whether a spouse may have other remedies for services provided before marriage, the potential availability of equitable remedies — such as constructive trust, resulting trust, recovery in *quantum meruit* or quasi-contract — does not transform property acquired before marriage into marital property subject to equitable distribution under Section 50-20. *See Rolle*, 219 N.J. Super. at 534-35, 530 A. 2d at 850-51.

Accordingly, we conclude that it was error for the trial judge to classify as marital any interest in property acquired before the parties were married but while they lived together.

### E. *Erroneous Classification of "Marital Property"*

[5] The husband next contends that the trial judge erred in classifying certain property as marital property. We agree.

We are mindful that the task of the trial judge in the present case was made difficult by the limited evidence the parties put before him. Even so, the record shows that there was evidence that the lakefront home and pontoon boat consisted of both marital and separate interests. Each of these items was acquired in part with the husband's separate funds while the parties lived together, and the record reflects that loan payments were made from marital funds after the parties were married. It was thus error to classify them as marital property without accounting for the husband's interest existing before marriage. In addition, the microwave oven and clothes dryer, consisting entirely of separate interests, also were erroneously classified as marital property.

As to the remaining items of property classified as marital property and distributed equally — specifically, the 1981 Toyota automobile, the 1974 Ford van, a U.S. Savings Bond, and the Kenmore washer — the order appears to be correct. However, as will be discussed below, because the findings of fact do not support the distribution of any of the property, we reverse the entire order.

### IV

[6] The substance of the husband's remaining assignments of error is that the trial judge made erroneous and insufficient findings of fact and conclusions of law. We agree.

McIver v. McIver

Classification of property must be supported by the evidence and by appropriate findings of fact. *See Alexander v. Alexander*, 68 N.C. App. 548, 550, 315 S.E. 2d 772, 775 (1984). And in all equitable distribution cases, findings must "support the determination that the marital property has been equitably divided." N.C. Gen. Stat. Sec. 50-20(j) (1987); *see Armstrong v. Armstrong*, 322 N.C. 396, 405, 368 S.E. 2d 595, 599 (1988). As our Supreme Court stated in *Armstrong*, "[w]hen the findings and conclusions are inadequate, appellate review is effectively precluded." 322 N.C. at 405, 368 S.E. 2d at 600. That is the situation in the case before us.

The findings fail in a number of respects. First, the classification of certain property as marital was erroneous, and as a result tainted the findings and conclusions regarding valuation and distribution. Second, apart from the effect of erroneous classification, the method of valuing the marital portion of the lakefront home was inadequate to support the award to the wife. The judge simply subtracted the lakefront home's "maximum [amount of] indebtedness" from its fair market value at the time of separation to arrive at the value of the marital interest in the property. There were no findings as to the amount of the husband's equity in the property at the time of the marriage. Nor were there findings regarding the contributions to that equity during marriage, nor as to the value of improvements made to the property during the marriage. Likewise, no findings were made as to any remaining unsatisfied debt. Thus, we find it impossible to determine from the findings the value of the marital interest in the lakefront home as of the date of separation.

Finally, the findings of fact provide insufficient support for the division of the property. Although the trial judge concluded that an equal distribution should be made, the ordered distribution was not equal since some of the property classified as marital and divided in half was actually the husband's separate property.

In determining whether a particular distribution will be equitable, the judge must consider the statutory equitable factors set out in Section 50-20(c). *See Smith*, 314 N.C. at 86, 331 S.E. 2d at 686. If evidence of one or more of the factors listed in 50-20(c) is presented, the findings must reflect that the trial judge considered those factors, whether the judge ultimately orders an

McIver v. McIver

equal or an unequal distribution. *See Armstrong*, 322 N.C. at 405, 368 S.E. 2d at 600.

In the case before us, we cannot tell from the findings whether the distribution was equitable, or whether the trial judge even considered the factors listed in Section 50-20(c). As a result, we divine no basis in the findings to support the particular division made by the judge. Accordingly, we hold that the findings of fact did not support the conclusions of law, and therefore that the $17,091.50 award to the wife must be reversed. We remand the case with the following instructions.

V

On remand, the trial judge should take additional evidence and make appropriate findings, in line with the source of funds rule, regarding the respective contributions of the marital estate and the separate estates of both the husband and wife toward acquisition of the lakefront home, pontoon boat, and any other property found to have marital and separate components. Only those contributions to acquisition of property contributed subsequent to marriage may be deemed marital property.

Further, the trial judge should apportion the value of the properties based on the proportion invested by the marital and separate estates, so that each estate may be awarded a proportionate return on its investment. If evidence of any of the equitable factors in 50-20(c) is presented, the judge must articulate which of those factors led to the ordered distribution, whether the distribution is equal or unequal.

Reversed and remanded.

Judges EAGLES and GREENE concur.