HARRIET HART CIOBANU v. THEODORE J. CIOBANU

No. 9110DC72

(Filed 5 November 1991)

**Divorce and Separation § 123 (NCI4th) — equitable distribution — real property — pre-separation appreciation — findings**

An equitable distribution order was remanded for appropriate findings where defendant had acquired two properties before the marriage which increased in value during the marriage; plaintiff's evidence was that she helped to manage the investment property, made significant homemaker contributions to the other property, and helped improve both properties; defendant introduced evidence that the increases in value were caused by inflation; and the court concluded that all the increases were marital property and awarded one half to plaintiff. The conflict in the evidence required the trial court to resolve the issue of whether the increases were entirely active, entirely passive, or a combination of both, but the trial court's order did not disclose the steps by which the court arrived at its conclusion that the entire increase was marital property, and the Court of Appeals could not determine whether the trial court correctly applied the source of funds theory to the facts. Although the findings show that plaintiff made contributions, there is no finding relating the plaintiff's contributions to the increases in value, nor is there a finding establishing the interest the marital estate "acquired" consistent with its contributions.

**Am Jur 2d, Divorce and Separation § 891.**

APPEAL by defendant from order entered 16 August 1990 in WAKE County District Court by *Judge Donald W. Overby*. Heard in the Court of Appeals 7 October 1991.

*No brief filed for plaintiff-appellee.*

*Wyrick, Robbins, Yates & Ponton, by Roger W. Knight and John F. Wible, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from an equitable distribution order which classified and distributed as marital property the post-marriage/pre-separation increased value of two pieces of defendant's separate real property.

The plaintiff filed a complaint seeking, among other things, equitable distribution of the marital property. The order of equitable distribution contains the following relevant findings of fact and conclusions of law:

FINDINGS OF FACT

. . . .

2. That the parties were lawfully married to each other on May 4, 1977; that the parties lived together as if man and wife for in excess of ten years immediately preceding their marriage.

3. That the Plaintiff and Defendant separated from each other on May 2, 1987; and that they were divorced from each other on May 18, 1988. . . .

. . . .

7. That Defendant moved to Raleigh a few months before the Plaintiff joined him. During the interim months the Defendant bought a house and lot located at 7001 Leesville Road, Raleigh, North Carolina for $15,442.40 and then moved Plaintiff down to Raleigh. The parties were not married at the time. The property is titled in Defendant's sole name and had an appraised value of $56,000.00 as of the date of separation with an outstanding loan balance of $8,000.00 for a net value of $48,000.00. The parties stipulated that the value of this property on the date of their marriage was $26,387.87. The value

CIOBANU v. CIOBANU

[104 N.C. App. 461 (1991)]

of the property which accrued during the marriage was $21,612.13.

8. That Defendant bid upon and purchased a house and lot located at 2003 Glenwood Avenue from an estate for approximately $12,000.00 in 1970. The property was purchased while the parties were living together but not married. The property was titled in Defendant's sole name. The value as of the date of separation was $82,000.00 with an outstanding mortgage of $5,200.00 for a net value of $76,800.00. The parties stipulated the value of said property on the date of their marriage was $26,284.19. The value of the property which accrued during the marriage was $50,515.81.

. . . .

10. The parties lived in the 'Leesville' house continuously from its purchase and Plaintiff's move to Raleigh until the date of separation. . . .

11. The Glenwood house was purchased for investment and has been rented during most of the time it has been owned.

. . . .

15. At the Glenwood property, the Plaintiff helped paint the garage (assisted by a young man hired with marital funds to help maintain the property), helped paint the inside and assisted in odd jobs by training the young man in methods of fixing and maintaining the property (e.g. fixing cracks in the walls).

. . . .

17. At the Leesville property, Plaintiff did yard work, panelled the living room, painted inside, stained the woodwork inside and assisted Defendant in fitting trim on windows as well as general maintenance of the household.

18. Plaintiff had contacts with tenants at the Glenwood property and showed the house to prospective tenants a couple of times. She would call Defendant at work if something needed to be done immediately so that he could stop and attend to it after work.

. . . .

24. Both parties performed household duties in the marital home, but Plaintiff was principally responsible for maintaining the household while Defendant pursued his career with IBM.

. . . .

CONCLUSIONS OF LAW

. . . .

4. That the property located at 7001 Leesville Road is marital property from May 4, 1977 to the date of separation on May 2, 1987 with a marital value of $21,612.13 which should be equally divided.

5. That the property located at 2003 Glenwood Avenue is marital property from May 4, 1977 to the date of Separation on May 2, 1987 with a marital value of $50,515.81 which should be equally divided.

Based upon these findings and conclusions, the trial court classified as marital property the post-marriage/pre-separation increased value of the Glenwood and Leesville properties and distributed one-half of the increase to the plaintiff.

The issue is whether the trial court's findings of fact support its conclusions that the post-marriage/pre-separation increases in values to defendant's separate real property are marital property.

In equitable distribution cases, N.C.G.S. § 50-20 (1987) requires the trial court to identify and classify all property as marital or separate. *McIver v. McIver*, 92 N.C. App. 116, 123-24, 374 S.E.2d 144, 149 (1988). In some instances, however, the property may have a dual character of both marital and separate, and in that event, the trial court's classification must reflect this dual nature. *Id.* at 124, 374 S.E.2d at 150; *Wade v. Wade*, 72 N.C. App. 372, 381-82, 325 S.E.2d 260, 269, *disc. rev. denied*, 313 N.C. 612, 330 S.E.2d 616 (1985) (adopting "source of funds" theory of classification).

Under the source of funds analysis, the acquisition of property is an on-going process which "does not depend upon inception of title but upon monetary or other contributions made by one or both of the parties." *McLeod v. McLeod*, 74 N.C. App. 144, 148, 327 S.E.2d 910, 913, *cert. denied*, 314 N.C. 331, 333 S.E.2d 488 (1985). Generally, property "acquired" by a party before marriage

CIOBANU v. CIOBANU

[104 N.C. App. 461 (1991)]

remains that party's separate property, *McIver*, 92 N.C. App. at 124, 374 S.E.2d at 149-50, and increases in value to such separate property are "acquired" by that separate estate but "only to the extent that the increases were passive . . . ." *Lawing v. Lawing*, 81 N.C. App. 159, 174, 344 S.E.2d 100, 111 (1986). Increases in value to separate property attributable to the financial, managerial, and other contributions of the marital estate are "acquired" by the marital estate. *McIver*, 92 N.C. App. at 124, 374 S.E.2d at 150; *McLeod*, 74 N.C. App. at 148, 327 S.E.2d at 913. When the increase in value to separate property is attributable to both the marital and separate estates, each estate is entitled to an interest in the "acquired" increase consistent with its contribution. *Wade*, 72 N.C. App. at 382, 325 S.E.2d at 269. Accordingly, the marital estate shares in the increase in value of separate property "it has proportionately 'acquired' in its own right" through financial, managerial, and other contributions, but does not share · in the increase in value of separate property acquired through passive appreciation, such as inflation. *McLeod*, 74 N.C. App. at 148, 327 S.E.2d at 913.

In this case, there is no dispute that the values of the Glenwood and Leesville property on the date of marriage are the defendant's separate property. The disputed issue is whether the increases in value to these properties "acquired" between the dates of marriage and separation are entirely marital, entirely separate, or share a dual character of both marital and separate, and if so, in what proportion.

As this Court has recently stated, "[t]he trial court must classify and identify property as marital or separate 'depending upon the proof presented to the trial court of the nature' of the assets." *Atkins v. Atkins*, 102 N.C. App. 199, 206, 401 S.E.2d 784, 787 (1991) (citation omitted). "The burden of showing [by a preponderance of the evidence] the property to be marital is on the party seeking to classify the asset as marital and the burden of showing [by a preponderance of the evidence] the property to be separate is on the party seeking to classify the asset as separate." *Id.*

The party claiming the property to be marital must meet her burden by showing by the preponderance of the evidence that the property: (1) was 'acquired by either spouse or both spouses'; and (2) was acquired 'during the course of the marriage'; and (3) was acquired 'before the date of the separation

of the parties'; and (4) is 'presently owned.' N.C.G.S. § 50-20(b)(1) [(1987)]. If this burden is met and a party claims the property to be separate, that party has the burden of showing the property is separate.

*Id.* at 206, 401 S.E.2d at 787-88. The party claiming the property to be separate meets his burden by showing by the preponderance of the evidence that the property meets the definition of separate property under N.C.G.S. § 50-20(b)(2) (1987). *Id.* at 206, 401 S.E.2d at 788. "If both parties meet their burdens, then under the statutory scheme of N.C.G.S. § 50-20(b)(1) and (b)(2), the property is excepted from the definition of marital property and is, therefore, separate property." *Id.* This allocation of the burdens of proof is consistent with the General Assembly's recent amendment to N.C.G.S. § 50-20(b)(1) establishing a rebuttable presumption that property acquired between the dates of marriage and separation is marital property. 1991 N.C. Sess. Laws ch. 635, § 1.1 (act applies to equitable distribution actions pending or filed on or after 1 October 1991).

In this case, the plaintiff, as the party claiming the increases in value to be marital, had the burden of showing by the preponderance of the evidence that the increases in value were marital property. As the findings of fact indicate, she met her burden by showing that all the increases in value were "acquired" by either or both spouses, were "acquired" during the course of the marriage, were "acquired" before the date of separation, and were presently owned. *Atkins*, 102 N.C. App. at 206, 401 S.E.2d at 787. Accordingly, the burden shifted to the defendant to show by the preponderance of the evidence that the "acquired" increases in value to the properties were his separate property. *Id.* at 206, 401 S.E.2d at 787-88. On this issue, the defendant introduced evidence that the increases in value were caused by inflation and were therefore passive. The plaintiff's evidence on this issue, as reflected by the findings of fact, tends to show that the plaintiff helped manage the Glenwood property, made significant homemaker contributions to the Leesville property, and helped improve both properties. This conflict in the evidence required the trial court to resolve the issue of whether the increases were entirely active, entirely passive, or a combination of both. The trial court concluded that all the increases were marital property, but the order contains no findings to support the conclusions. *Armstrong v. Armstrong*, 322 N.C. 396, 405, 368 S.E.2d 595, 600 (1988) (appellate review effectively precluded without adequate findings of fact); *McIver*,

92 N.C. App. at 127, 374 S.E.2d at 151 (classification of proportional interests in separate property "must be supported by the evidence and by appropriate findings of fact"). The trial court's order does not disclose the steps by which the trial court arrived at its conclusion that the entire increase was marital property, and therefore, this Court cannot determine whether the trial court correctly applied the "source of funds" theory to the facts. *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980). Although the findings show that the plaintiff made contributions, there is no finding relating the plaintiff's contributions to the increases in value, nor is there a finding establishing the interest the marital estate "acquired" consistent with its contributions. Accordingly, we reverse and remand the trial court's order for appropriate findings of fact from the evidence previously submitted and conclusions of law and an order based upon a proper application of the source of funds theory.

Reversed and remanded.

Chief Judge HEDRICK and Judge EAGLES concur.