[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS, #166
The plaintiff, Monica Chambrello, filed the present action in Connecticut on August 19, 1999, seeking a dissolution of her marriage to the defendant, child custody, child support, alimony and a fair division of property. The defendant, Bryan Chambrello, has filed the present motion to dismiss as to all claims raised by the plaintiff other than those pertaining to child custody and child support on the grounds of lack of subject matter and statutory jurisdiction. It is undisputed that the parties are divorced pursuant to the North Carolina judgment and that Connecticut has jurisdiction over any issues involving child custody and child support. At issue is solely whether Connecticut has subject matter jurisdiction over the equitable distribution of the marital property and alimony. For the reasons stated below, the court denies the motion.
 I — Statement of Facts
Before the plaintiff brought this action, the defendant had already filed a complaint for custody, support and equitable distribution of property in North Carolina on December 29, 1998 (file number 98CVD4700, North Carolina General Court of Justice, Fifth District Court District). Under North Carolina law, the parties must be legally separated for one year before a divorce can be absolute; during that one-year period, either party may file motions for equitable distribution of the CT Page 7292 property. See N.C. Gen. Stat. §§ 50-6 and 50-11. On August 2, 1999, the North Carolina court, Holt, J., entered an order that it had "deferred the issue of jurisdiction to the State of Connecticut to determine which forum shall hear the issues of Child Custody." (Plaintiff's Exhibit D.) On December 17, 1999, the North Carolina court, Smith, J., issued an order in this proceeding yielding "such jurisdiction as this court may have to the state of Connecticut. "(Defendant's Exhibit H, "Order Yielding Jurisdiction to the State of Connecticut.")
On September 1, 1999, the defendant filed a second action seeking an absolute divorce but no other relief. This second North Carolina action was assigned a separate docket number in the North Carolina District Court, number 99CVD03664. On December 3, 1999, the North Carolina court,Holt, J, entered a judgment of absolute divorce in that second action. The court's order noted specifically "there are pending alimony, child support and child custody actions pending in a separate action between the plaintiff and defendant" and expressly "reserved" "the separate actions for chid custody and child support . . . for hearing at a later date."
 II — DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
 The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 25-31(a). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it.
(Brackets in original; internal quotation marks omitted.) Doe v. Roe,246 Conn. 652, 661, 717 A.2d 706 (1998).
The defendant's argument for lack of jurisdiction rests on N.C. Gen. Stat. § 50-11 (e), which provides in relevant part that: "An absolute divorce obtained within this state shall destroy the right of a spouse to CT Page 7293 equitable distribution under G.S. § 50-20 unless the right is asserted prior to the judgment of absolute divorce." The defendant notes that it is well settled law in North Carolina that "if a person entitled to equitable distribution does not specifically apply for it by cross-action or by a separate action prior to the judgment of absolute divorce, the divorce judgment destroys that person's statutory right to equitable distribution." (Emphasis in original.) Lutz v. Lutz,101 N.C. App. 298, 301, 399 S.E.2d 385, cert. denied, 328 N.C. 732,404 S.E.2d 871 (1991). The defendant further argues that the North Carolina court never yielded jurisdiction to Connecticut over equitable distribution or alimony issues. He notes that, in Connecticut, any distribution of property must be made at the time the marriage of the parties is dissolved and claims therefore, that, pursuant to Connecticut General Statutes § 46b-81, the court lacks jurisdiction to issue any orders with respect to distribution of property.
The plaintiff, in her opposition to the motion to dismiss, argues that she reserved her right to an equitable distribution by filing her complaint in Connecticut on August 19, 1999, as a separate action. She notes that the absolute divorce decree was not made a judgment of the court until December 3, 1999. She further argues that North Carolina yielded jurisdiction to Connecticut on the issue of alimony and equitable distribution as the judgment of divorce clearly states that there are pending claims for alimony, support and custody in a separate action. Lastly, she cites the case of Scharer v. Scharer, Superior Court, judicial district of New Haven, Docket No. 451858 (September 12, 2001,Alander, J.), to support the proposition that the North Carolina court lacked personal jurisdiction over the plaintiff.
In Scharer v. Scharer, the defendant filed a motion to dismiss a dissolution of marriage action on the ground that a valid judgment dissolving the marriage of the parties had previously entered in California and that the court thus lacked subject matter jurisdiction over an action seeking alimony once a decree dissolving a marriage is issued in another state. The court agreed that
 [a] state has jurisdiction to enter a decree dissolving a marriage when the petitioning spouse has a good faith domicile in the issuing state. . . . This is so even if the respondent spouse is absent from the issuing state and has only been constructively served with notice of the proceedings. . . . If the defendant was domiciled in California, Connecticut must give full faith and credit to the divorce decree issued in California dissolving the parties' marriage.
CT Page 7294 (Citations omitted.) Id.
The court also found, however, that "[t]he alimony order issued by the California court stands on a different footing. The United States Supreme Court has deemed a divorce to be `divisible.'. . . A state may have jurisdiction to affect the parties' marital status but not the jurisdiction necessary to determine alimony." Id. "Since a claim of alimony involves a personal obligation, such a claim requires jurisdiction over the person of the defendant. An ex parte divorce rendered in the absence of the defendant can not destroy the alimony rights of the absent spouse." Id., citing Vanderbilt v. Vanderbilt,354 U.S. 416, 419 (1957). The court in Sharer thus denied the motion to dismiss:
 In Connecticut, a decree dissolving a marriage entered in another state terminates one spouse's duty to support the other provided that both parties participated in the divorce proceedings in the foreign jurisdiction and the judgment has become final in the state of rendition. . . . The judgment obtained by the [defendant] in California does not dissolve the parties' marriage until November 2, 2001. [The plaintiff filed in Connecticut on June 4, 2001.] The plaintiff also did not appear or participate in any way in the divorce proceedings that the defendant initiated in California. . . . [N]o other state, other than Connecticut, has valid jurisdiction under the Due Process Clause of the United States Constitution to resolve the issue of alimony for these parties. Under the circumstances of this case, the plaintiff's right to seek alimony from the defendant survives the entry of a divorce decree in California.
(Citations omitted.) Scharer v. Scharer, supra, Superior Court, Docket No. 451858. Similarly, since there is no evidence that the plaintiff ever appeared or participated in the second North Carolina proceeding, that state lacked jurisdiction to adjudicate issues of alimony, and the plaintiff's right to seek alimony in Connecticut survives entry of the North Carolina divorce decree,
In support of his motion to dismiss, the defendant cites North Carolina case law that articulates the well-settled proposition that a party must file for equitable distribution prior to the judgment of absolute divorce. The statute allows this to be done in two ways: "[a] party may file a cross action for equitable distribution in a suit for an absolute divorce, or may file a separate action instituted for the purpose of CT Page 7295 securing an order of equitable distribution." McIver v. McIver,92 N.C. App. 116, 120, 374 S.E.2d 144 (1988). "Furthermore, the second quoted sentence makes it clear that alternative means of requesting equitable distribution exist, specifically permitting a party to assert the right in a separate action. . . ." Id. The defendant did not submit nor did the court's independent research reveal any North Carolina authority holding that this separate action cannot be brought in another jurisdiction.[1] Since the plaintiff had brought a separate action in Connecticut seeking alimony and equitable distribution before the judgment of absolutely divorce entered in the second North Carolina proceeding, the North Carolina court's judgment of divorce did not extinguish the plaintiff's right under that state's law to alimony or property distribution.
This court therefore has subject matter and statutory jurisdiction over the issues of custody, child support, alimony, and equitable distribution of property. For the foregoing reasons, the defendant's motion to dismiss is denied.
BY THE COURT
STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT