LORI K. BYRD, Plaintiff-Appellee
v.
JAMES L. BYRD, JR., Defendant-Appellant.
No. COA07-36
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
The Twiford Law Firm, L.L.P., by Edward A. O'Neal, for plaintiff-appellee.
Frank P. Hiner, IV, for defendant-appellant.
CALABRIA, Judge.
James L. Byrd, Jr. ("defendant") appeals from an equitable distribution judgment classifying the appreciation of the marital home and the distribution of defendant's civil service retirement annuity. We affirm.
Defendant and Lori K. Byrd ("plaintiff")(collectively, "the parties") were married 20 September 1982, separated 17 September 2003, and divorced 22 December 2004. The parties' three children, born during their marriage, have reached the age of majority.
During the marriage, the parties acquired property and sought an equitable division of their property. In the equitable distribution pretrial order, the parties stipulated to the classification, value, and distribution of the majority of the marital property. However, two issues remained for hearing: (1) the classification, valuation, and distribution of three certificates of deposit and (2) consideration of the various distributional factors pursuant to N.C. Gen. Stat. § 50-20(c) that both parties asserted for purposes of an unequal distribution of property.
Defendant owned a lot ("the Baxter Estates") prior to the date of his marriage to plaintiff. Defendant and Kay Byrd ("his first wife") purchased the Baxter Estates for $12,000 on 14 October 1975 and subsequently borrowed $30,000 on 2 April 1976 to build a house on the Baxter Estates. On 14 February 1981, defendant became the sole owner of the house ("the Baxter Estates residence") when defendant's first wife transferred her interest to defendant by executing a quit claim deed. Prior to defendant's marriage to plaintiff, defendant improved the Baxter Estates residence by building a pier and bulkhead. Defendant spent $6,033.68 on the installation of the pier and bulkhead: specifically, $4,600 was spent for labor and $1,433.68 for materials. After the parties were married, they lived in the Baxter Estates residence. The evidence indicated on the date of the marriage that the remaining principal on the mortgage for the Baxter Estates residence was an amount between $25,391.77 and $25,526.94.
The Baxter Estates residence was sold on 13 September 2002. Defendant received $238,773.16 as net proceeds from the sale and this amount was invested in three certificates of deposit. Approximately one year later, on the date of separation, the value of the three certificates of deposit increased to $245,442.48.
After weighing the distributional factors pursuant to N.C. Gen. Stat. § 50-20(c)(2006) and making specific findings of fact, the trial court determined the entire appreciation of the Baxter Estates residence during the parties' marriage resulted from active appreciation and classified the entire appreciation as marital property. The trial court, inter alia, divided defendant's civil service retirement annuity without including the date of separation in the decretal portion of the order. Defendant appeals and plaintiff cross-assigns as error the trial court's use of a distributive factor that defendant failed to list in the pretrial order.
Defendant first argues that the trial court erred by classifying the entire appreciation of the Baxter Estates residence during the marriage as active appreciation, and therefore incorrectly distributed the appreciation as marital property. We disagree.
The General Assembly has committed the distribution of marital property to the discretion of the trial courts, and the exercise of that discretion will not be disturbed in the absence of clear abuse. Accordingly, the trial court's rulings in equitable distribution cases receive great deference and may be upset only if they are so arbitrary that they could not have been the result of a reasoned decision.
Lawing v. Lawing, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986). "The mere existence of conflicting evidence or discrepancies in evidence will not justify reversal." Id., 81 N.C. App. at 163, 344 S.E.2d at 104.
"The trial court's first task in an action for equitable distribution is to classify all property owned by the parties as marital or separate in accordance with the definitions set forth in N.C. Gen. Stat. § 50-20(b)." Smith v. Smith, 111 N.C. App. 460, 472, 433 S.E.2d 196, 204 (1993), decision rev'd in part on other grounds, 336 N.C. 575, 444 S.E.2d 420 (1994). This Court has said, "[t]he trial court must classify and identify property as marital or separate `depending upon the proof presented to the trial court of the nature' of the assets." Atkins v. Atkins, 102 N.C. App. 199, 206, 401 S.E.2d 784, 787 (1991)(quoting Johnson v. Johnson, 317 N.C. 437, 455, n.4, 346 S.E.2d 430, 440 (1986)).
Pursuant to N.C. Gen. Stat. § 50-20, marital property is defined as, "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property . . . ." N.C. Gen. Stat. § 50-20(b)(1)(2007). Separate property is defined as, "all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage . . . ." N.C. Gen. Stat. § 50-20(b)(2)(2007). Moreover, "[t]he increase in value of separate property and the income derived from separate property shall be considered separate." Id. However, "[t]his provision concerning the classification of the increase in value of separate property has been interpreted as referring only to passive appreciation of separate property, such as that due to inflation, and not to active appreciation resulting from the contributions, monetary or otherwise, by one or both spouses." Lawrence v. Lawrence, 75 N.C. App. 592, 595, 331 S.E.2d 186, 188 (1985) (citing Wade v. Wade, 72 N.C. App. 372, 325 S.E.2d 260 (1985)).
"The burden of showing the property to be marital is on the party seeking to classify the asset as marital and the burden of showing the property to be separate is on the party seeking to classify the asset as separate." Atkins, 102 N.C. App. at 206, 401 S.E.2d at 787. "A party may satisfy her burden by a preponderance of the evidence." Id. If the party claiming property should be classified as marital property meets the burden by a preponderance of the evidence, then the burden shifts to the other party to prove the property is separate. Id. If both parties meet their burdens then the property is separate property. Id.
Here, there is no dispute the Baxter Estates residence on the date of the parties' marriage was defendant's separate property since defendant acquired the Baxter Estates residence prior to the parties' marriage. The disputed issue is whether the increase in value of the Baxter Estates residence that accumulated between the dates of marriage and separation is classified as entirely marital, entirely separate, or shares a dual character of both marital and separate, and if so, in what proportion.
"North Carolina has adopted the source of funds rule in determining whether property is marital or separate. Under the source of funds analysis, property is acquired as it is paid for, and thus may include both marital and separate ownership interests." McIver v. McIver, 92 N.C. App. 116, 124, 374 S.E.2d 144, 149 (1988) (internal quotation marks omitted)(citation omitted). "In applying the source of funds rule, the financial or other contributions by the marital and separate estates toward the acquisition of property must be identified and accounted for." Id., 92 N.C. App. at 125, 374 S.E.2d at 150. Additionally, under the source of funds rule, "the marital estate shares in the increase in value of separate property it has proportionately acquired in its own right through financial, managerial, and other contributions, but does not share in the increase in value of separate property acquired through passive appreciation, such as inflation." Ciobanu v. Ciobanu, 104 N.C. App. 461, 465, 409 S.E.2d 749, 752 (1991) (internal quotation marks omitted)(citation omitted).
However, there has been some confusion in both this Court and the lower courts regarding when to use the source of funds rule and when to utilize the active/passive distinction to determine whether appreciation in separate property is marital or separate. See Smith, 111 N.C. App. at 472, 433 S.E.2d at 204. In Smith, this Court held:
If an asset is characterized as separate property that has increased in value during the marriage, the court's focus is on the appreciation occurring during the marriage and whether that appreciation was passive or active. If, on the other hand, an asset is characterized as marital property to which a contribution of separate property was made, in which case it is of a dual nature having a marital and a separate property component, then the primary focus is on acquisition, not appreciation.
Id., 111 N.C. App. at 475, 433 S.E.2d at 205. On the other hand, the source of funds rule has been used to determine whether appreciation in separate property was marital or separate property. See, e.g., Lawrence, 75 N.C. App. at 592, 331 S.E.2d at 186 (held wife's unimproved property should be treated as separate, but the increase in value due to husband's efforts should be marital); Rice v. Rice, 159 N.C. App. 487, 497, 584 S.E.2d 317, 324 (2003)("there is no difference between financial contributions to reduce the mortgage principal and those to improve the property itself. Because both types of active contributions entitle the marital estate to a proportionate return on its investment, the trial court properly applied the source of funds rule . . . .").
In this case, the trial court used the active/passive distinction to determine the entire appreciation of the Baxter Estates residence was marital property. The trial court determined since defendant did not assert any evidence to show the appreciation of the Baxter Estates residence was passive, the entire appreciation was active. Defendant argues the trial court erred by not using the source of funds rule in determining whether the appreciation was marital or separate. However, we need not determine which rule the trial judge should have used because defendant fails to meet his burden of proving by a preponderance of the evidence that the property's appreciation was due to passive factors. The trial court must make written findings of fact to show how it determined whether increases are passive or active. See Ciobanu, 104 N.C. App. at 461, 409 S.E.2d at 749. However, the law presumes that the increase was active. Smith, 111 N.C. App. at 460, 433 S.E.2d at 196. "Appreciation is considered active when it results from contributions, monetary or otherwise, made by one or both of the spouses." Id., 111 N.C. App. at 474, 433 S.E.2d at 204-05 (citations omitted).
In the case sub judice, plaintiff presented evidence that the property was valued at $62,030 on the date of the parties' marriage and on the date of separation the value increased to $245,442.48. For financial contributions, plaintiff testified she paid $71,681.55 during the marriage for the mortgage, taxes, and insurance and that these payments were paid with marital funds. For other contributions such as, maintenance and repairs, plaintiff testified she purchased the materials and performed all of the labor when she painted the interior of the house and helped perform maintenance on the bulkhead. Plaintiff also testified that during the marriage, defendant repaired the pier and both of them improved and repaired the Baxter Estates residence. In addition, they replaced the roof, added a front stoop, added a back covered porch, added shutters, replaced the carpet, painted the exterior and interior of the house three times, and landscaped. Moreover, plaintiff testified she cleaned and maintained the house during the two-year period the Baxter Estates residence was listed for sale. Furthermore, defendant corroborated her testimony when he testified that plaintiff helped with the property's maintenance and repairs.
Defendant testified in relevant part:
Q: Now . . . is it your contention that the main value of the property was the land that you purchased prior to the date of marriage, Baxter Estates?
A: It still is. It's the best place within 250 (inaudible). It's high in evaluation. It's sandy. It's great hunting; it's great fishing. It's got the view of everything. In the mornings you can see (inaudible), all of Knot's Island, all the geese in the back. I should have stayed there.
Defendant argues the appreciation was passive because the court received evidence that the land, pier, and bulkhead increased significantly in value during the marriage. However, defendant never offered any additional evidence to prove how the property increased significantly in value during the marriage other than his own opinion that the land's increase in value was due to its great location, that it was great for recreational activities, and that the main value of the property was the land.
According to the trial court's written findings of fact, plaintiff met her burden of proof by a preponderance of the evidence that the appreciation was active and therefore marital property. However, defendant failed to prove by a preponderance of the evidence that the appreciation was passive and therefore separate property. Thus, the trial court did not abuse its discretion in determining that the entire appreciation of the Baxter Estates residence was marital property. We affirm. We next address defendant's second contention that the trial court erred in failing to include the date of separation in the order dividing his civil service retirement annuity. We disagree.
This Court addressed a similar issue in Wall v. Wall, 140 N.C. App. 303, 536 S.E.2d 647 (2000). In Wall, defendant argued the trial court erred by adding to the marital property post-separation gains on the marital portion of defendant's profit-sharing plan. Id., 140 N.C. App. at 310, 536 S.E.2d at 651 (emphasis added). We noted in Wall:
[I]t would normally be error for the trial court to fail to value an item of marital property as of the date of separation, excluding gains or losses on the property since the date of separation. Here, however, the parties and their counsel stipulated to the value of the profit-sharing plan as of the date of separation. Although that value obviously included some gains on the plan assets after the date of separation, defendant is bound by his stipulation, and estopped to question the value used by the trial court.
Id., 140 N.C. App. at 310, 536 S.E.2d at 652 (emphasis added). "Parties are not free to enter into stipulations for the purposes of trial, then abandon those agreements and chart a different course when they sail into appellate water." Id., 140 N.C. App. at 310-11, 536 S.E.2d at 652 (citing Inman v. Inman, 136 N.C. App. 707, 525 S.E.2d 820 (2000)). A pretrial order is "designed to narrow the issues, save trial time and expense, and lead to a just result." Id., 140 N.C. App. at 310, 536 S.E.2d at 652.
In this case, defendant knowingly and voluntarily entered into the pretrial order on 4 November 2005. The parties stipulated to the precise value of the marital portion of the civil service retirement benefits and also specified an equal division. The pertinent language of the pretrial order reads as follows:
17. Schedule A is a list of marital property and debts upon which there is agreement as to value and distribution (as between Plaintiff and Defendant).
Defendant's civil service retirement annuity is listed in number 44 on Schedule A. Specifically, on Schedule A, defendant's civil service retirement annuity is valued at $333,539.00. The parties agreed to an equal division of the retirement annuity, with each party receiving $166,769.50.
Furthermore, in the order dividing the civil service benefits, the trial court's finding of fact #3 stated, "[t]he parties were married on September 20, 1982 and separated on September 17, 2003. The trial court's finding of fact #4 reads as follows:
The Defendant has vested retirement benefits under the CSRS pursuant to 5 U.S.C. 8338(b). Those benefits were accumulated in part during the course of the parties' marriage. Those benefits are marital property to the extent that they are based upon creditable federal service which occurred during the marriage. They are subject to distribution between the parties . . . .
Although the court did not mention the date of separation in the decretal portion of the order, the date was included in finding of fact #3. In addition, in finding #4, the court included the words "during the course of the parties' marriage" and "marital property." Moreover, there is no evidence in the record showing either party attempted to amend or modify any of the terms of the order dividing the civil service benefits. Therefore, the trial court distributed the precise amount of defendant's retirement annuity according to the parties' stipulation in the pretrial order, and as such, we affirm.
Lastly, we address plaintiff's cross-assignment of error. Plaintiff argues the trial court committed reversible error when it considered as a distributional factor for defendant, the rental value of the formal marital residence, because defendant failed to list the rental value as a distributional factor in the pretrial order. We disagree.
Rule 10(d) of our Rules of Appellate Procedure states in relevant part, "an appellee may cross-assign as error any action or omission of the trial court . . . which deprived the appellee of an alternative basis in law for supporting the judgment . . . from which an appeal has been taken." N.C.R. App. P. 10(d). In the case sub judice, plaintiff, in her cross-assignment of error, claims the trial court erred in its findings of fact and conclusions of law. Because plaintiff does not provide an alternate basis in law, the proper method to raise these issues would have been by cross-appeal. See City of Charlotte v. Whippoorwill Lake, Inc., 150 N.C. App. 579, 583, 563 S.E.2d 297, 300 (2002). Accordingly, we do not consider plaintiff's cross-assignment of error.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.
Judges GEER and JACKSON concur.
Report per Rule 30(e).