KING v. KING

[112 N.C. App. 92 (1993)]

JAMES A. KING, II, Plaintiff v. VIVIAN R. KING, Defendant

No. 9210DC950

(Filed 21 September 1993)

**Divorce and Separation § 132 (NCI4th)— stock in family-owned company — outright purchase with loan proceeds — stock classified as marital property — gifts to repay loan — classification not affected**

The trial court properly classified stock in a family-owned business as entirely marital property where the stock was purchased outright by plaintiff with proceeds from a loan made by his mother rather than over time; the purchase occurred during the marriage and the debt incurred to purchase the stock was a marital debt; all property acquired during the course of the marriage and before the date of separation is presumed to be marital property under N.C.G.S. § 50-20(b)(1); payments made on the marital debt during the marriage with plaintiff's separate property should not translate into separate stock ownership under the source of funds approach; and gifts from plaintiff's parents for the purpose of reducing the debt did not alter the classification of the stock itself as marital property.

**Am Jur 2d, Divorce and Separation §§ 901, 902.**

Appeal by plaintiff from Order entered 8 June 1992 by Judge L.W. "Mike" Payne in Wake County District Court. Heard in the Court of Appeals 9 July 1993.

*Wyrick, Robbins, Yates & Ponton, by Robert A. Ponton, Jr. and Bruce C. Johnson, for plaintiff-appellant.*

*Rosen & Robbins, P.A., by Gerald K. Robbins and Lee S. Rosen, for defendant-appellee.*

LEWIS, Judge.

Plaintiff and defendant were married in September 1973, and lived together as husband and wife until their separation in August 1988. On 7 November 1989 plaintiff filed a complaint against defendant seeking an absolute divorce and equitable distribution. After a trial on 6 and 8 November 1990, and closing arguments on 6

January 1992, the trial court entered an Equitable Distribution Judgment on 8 June 1992. Plaintiff now appeals, alleging the court erred in its classification of certain stock as entirely marital property. Plaintiff claims the stock in his family company, the Garland C. Norris Company (hereafter "GCN"), should have been classified as part marital and part separate property.

Plaintiff's maternal grandfather, Garland C. Norris, founded GCN, and owned and managed it until he died in 1980. While alive he expressed his wish that the company remain a family company, to be managed first by his son-in-law, plaintiff's father, and then his grandchildren. In his will Mr. Norris directed that the company stock be placed in trust with his two daughters as the initial beneficiaries, and his grandchildren as the ultimate beneficiaries. Plaintiff's father was appointed trustee and assumed management of the business upon the death of Mr. Norris.

In the spring of 1982 plaintiff's father decided to involve two of his sons, plaintiff and his brother, in the management of the business. As part of this process, GCN was dissolved and a new company was created, also called the Garland C. Norris Company. The new GCN acquired all the liabilities and assets, trade name and good will of the old GCN in exchange for a $908,000 promissory note, which was placed in the above-mentioned trust. Plaintiff and his brother each received 24,000 shares of voting common stock, and their father received 52,000 shares of preferred nonvoting stock, thereby maintaining complete control of the company.

The acquisition of these shares of stock by plaintiff, his father and his brother, was financed through a loan from plaintiff's mother, using money from the trust income. Plaintiff and his brother each received $24,000, and plaintiff's father received $52,000. Plaintiff paid the money to GCN in exchange for the stock, and gave his mother a promissory note for $24,000 plus 12 percent annual interest.

Using his earnings from GCN, plaintiff began paying off the note, and by 1 June 1987 the balance due had been reduced to $16,200. On 19 June 1987 plaintiff's father gave him $10,000 to use specifically to pay his mother to reduce his indebtedness on the note. Plaintiff gave the money to his mother and thereby reduced the debt to $6,200. The promissory note was reissued for that amount, and plaintiff continued to make payments. From June 1987 to January 1988 the company was restructured for tax purposes into a subchapter "S" corporation, and plaintiff's father gave

up his stock to plaintiff and plaintiff's brother, but maintained control of the company through a voting trust agreement.

In February 1988 plaintiff's mother forgave the remaining indebtedness of both plaintiff and his brother. The accompanying note to plaintiff contained the notation, "Happy birthday." Testimony from plaintiff's mother and father indicated this action was intended to give plaintiff and his brother an ownership interest in the company free from debt and the need to use earnings to pay off that debt.

In its Equitable Distribution Judgment the trial court ruled that plaintiff received "absolute ownership of the stock free and clear of any encumbrances" on 24 June 1982. The court found that "[f]or Equitable Distribution purposes [the $24,000] loan was a marital debt because it was procured for the benefit of the marital estate," and "regardless of the intent of the donor, the effect of [the transfer of $10,000 to plaintiff from his father] between Plaintiff and Defendant was to reduce the amount of marital indebtedness." The court also found that "[t]he funds used by Plaintiff to make this payment [to his mother] were gifted to the Plaintiff by his father. . . . Regardless of the intent of the donor, the effect of this transaction as between Plaintiff and Defendant was to reduce the amount of marital indebtedness." The court noted that "[o]n February 19, 1988 Plaintiff's mother forgave the remaining amount due . . . on the note from Plaintiff to his mother," but did not comment on the effect of this transaction. In its distribution of the marital property the trial court awarded plaintiff all of the GCN stock, valued at $413,000.

On appeal plaintiff argues the court erred in classifying the stock as entirely marital property. Instead of viewing the stock as acquired on the day it was paid for with the borrowed money, plaintiff argues the court should look to how that debt was paid off over time. Plaintiff agrees that the portion of the debt paid for with money earned "during the pendency of the marriage" is a marital asset. However, according to plaintiff, those portions of the debt paid for with his separate money should translate into a corresponding degree of separate ownership in the stock. Plaintiff argues that the amount of stock acquired "through the generosity of his parents in forgiving the debt were gifts" and therefore his separate property.

Defendant contends that the payment from plaintiff's father to plaintiff was a gift to the marital estate, arguing that no evidence

indicated otherwise. Defendant argues the issue is whether or not plaintiff intended the $10,000 he received from his father to be a gift from plaintiff to the marital estate. According to defendant, the payment of this money to plaintiff's mother was a payment from the marital money for a marital debt. Defendant also relies on the lack of any evidence in the record indicating that plaintiff's mother did not intend a gift to the marital estate when she forgave the remaining balance of the debt. Finally, defendant points out that the trial court treated the acquisition of the stock and assumption of the debt as two separate transactions. Plaintiff paid for the stock in full at the outset. According to defendant, "[t]he fact that Plaintiff also agreed to undertake some debt in this family owned business does not mean as a matter of law that this Court or that the trial court must deal with the debt and stock indistinguishably."

---

At the outset we note that the Record on appeal does not include a complete copy of the judgment rendered by the trial court. The court's Equitable Distribution Judgment begins on page 70 of the Record and ends on page 86, in the middle of a sentence. Only the first 17 pages of the trial court's decision are presented for our review. According to Rule 9 of the North Carolina Rules of Appellate Procedure, the Record on appeal should include a copy of the judgment from which the appeal is taken. N.C.R. App. Proc. 9(a)(1)h. (1993). We note, however, that that portion of the judgment relevant to the issues raised on this appeal are included in the Record, specifically on pages 78 and 79. Thus, we have decided the issues according to the information contained in the Record before us. We do not find that this omission constitutes a substantial failure to comply with the appellate rules in this case, and therefore decline to impose sanctions. N.C.R. App. Proc. 25(b) (1993).

In an equitable distribution proceeding the trial judge must classify all property, assets and liabilities of the parties existing on the date of separation as either separate or marital. *McLean v. McLean*, 323 N.C. 543, 545, 374 S.E.2d 376, 378 (1988). The marital property must then be distributed between the parties equally, unless the court determines an equal division would be inequitable, and the separate property remains unaffected by the proceedings. *See id.* According to section 50-20 of the North Carolina General Statutes, marital property includes

KING v. KING

[112 N.C. App. 92 (1993)]

all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property . . . . It is presumed that all property acquired after the date of marriage and before the date of separation is marital property except property which is separate property . . . .

N.C.G.S. § 50-20(b)(1) (Cum. Supp. 1992). Separate property is defined as

all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage. However, property acquired by gift from the other spouse during the course of the marriage shall be considered separate property only if such an intention is stated in the conveyance. Property acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife or both and shall not be considered to be marital property unless a contrary intention is expressly stated in the conveyance.

§ 50-20(b)(2).

The presumption in favor of marital property set forth in subsection (b)(1) was a legislative amendment effective 1 October 1991 to "actions for equitable distribution pending or filed on or after that date . . . ." § 50-20 note. The present action was filed in November 1989, but not decided until June 1992. Because it was pending in October 1991, the legislative amendment applies to this case and we must apply the presumption. The presumption may be rebutted by the greater weight of the evidence. § 50-20(b)(1).

In this case the property in question, the stock, was acquired outright on 24 June 1982 because plaintiff paid the company in full on that date. Since all of the stock at issue was acquired during the marriage by one of the spouses, before the date of separation, and is presently owned, it is presumed to be marital. *See Ciobanu v. Ciobanu*, 104 N.C. App. 461, 465-66, 409 S.E.2d 749, 752 (1991) (party claiming property to be marital must show by preponderance of evidence that it meets statutory definition). Furthermore, we conclude plaintiff has not rebutted this presumption with any evidence that the stock was acquired by "bequest,

KING v. KING

[112 N.C. App. 92 (1993)]

devise, descent, or gift during the course of the marriage," or in exchange for separate property. *See id.* at 466, 409 S.E.2d at 752 (party claiming property to be separate must show by preponderance of evidence that it meets statutory definition of separate property).

Although the stock meets the definition of marital property, plaintiff argues that application of the source of funds analysis reveals that the stock is partly marital and partly separate. *See Wade v. Wade*, 72 N.C. App. 372, 382, 325 S.E.2d 260, 269, *disc. rev. denied*, 313 N.C. 612, 330 S.E.2d 616 (1985) (adopting source of funds approach to classification of property); *Smith v. Smith*, No. 9126DC1287, 1993 WL 315005, at 3-9 (N.C. App. Aug. 17, 1993) (discussing *Wade* and the source of funds approach). Under this analysis, assets purchased with part marital and part separate funds are considered mixed property for the purposes of equitable distribution. *See Wade*, 72 N.C. App. at 382, 325 S.E.2d at 269; *Smith*, 1993 WL 315005, at 7-9.

In the case at hand the trial court found that plaintiff incurred a marital debt to purchase the stock. Plaintiff argues, however, that payments made on that debt during the marriage with his separate property should translate into separate stock ownership under the source of funds approach. Assuming that plaintiff did use his separate money to pay part of the loan, we find no merit to his argument that he is entitled to corresponding separate ownership in the stock. If the stock itself had been paid for over time, partly with separate contributions from plaintiff, plaintiff may have been entitled to a proportionate share of the stock as his separate property under the source of funds approach. *See Tiryakian v. Tiryakian*, 91 N.C. App. 128, 370 S.E.2d 852 (1988) (husband received interest in car acquired during marriage proportionate to his contributions of separate money towards car loan). In the case at hand, however, the stock was paid for in full at the beginning. The debt to plaintiff's mother, although incurred for the purpose of purchasing the stock, was a separate transaction. Gifts from plaintiff's parents for the purpose of reducing this debt do not alter the classification of the stock itself as marital property.

We conclude the source of funds analysis does not apply to the facts of this case, and affirm the trial court's conclusion that the stock was marital property. Because we resolve this issue in

NAEGELE OUTDOOR ADVERTISING v. HARRELSON

[112 N.C. App. 98 (1993)]

defendant's favor, we find it unnecessary to address the procedural arguments raised in defendant's brief.

Affirmed.

Judges GREENE and MARTIN concur.