DAVIS v. SINEATH

[129 N.C. App. 353 (1998)]

Reversed and remanded.

Judges LEWIS and TIMMONS-GOODSON concur.

———————————

WILLIAM K. DAVIS, Plaintiff-Appellee v. GAIL SINEATH (DAVIS), Defendant-Appellant

No. COA97-1061

(Filed 30 April 1998)

**1. Divorce and Separation § 151 (NCI4th)— equitable distribution—unequal division of property—source of funds rule**

The trial court did not abuse its discretion in an equitable distribution action in which the property was distributed unequally by finding that the home was marital property but concluding that it should be distributed to plaintiff based in part upon findings that the entire purchase of the property came from plaintiff's separate property funds and that plaintiff had paid for renovations from his separate property. Even though the use of separate funds to acquire property titled by the entirety creates a presumption of a gift to the marital estate, the use of those funds may properly be considered as a distributional factor.

**2. Divorce and Separation § 158 (NCI4th)— equitable distribution—unequal division of property—factors including length of marriage**

The trial court did not abuse its discretion in an equitable distribution action by ordering an unequal division of the marital property where defendant contended that the use of plaintiff's separate funds to purchase and renovate a house was the sole distributional factor, but the court also properly considered as a distributional factor that the marriage lasted only ten months.

**3. Divorce and Separation § 147 (NCI4th)— equitable distribution—unequal division of property—debt**

The trial court did not abuse its discretion in an equitable distribution action where there was an unequal division of property by assigning to defendant marital debt for renovations on a house. The trial court properly considered as a distributional factor that, after the date of separation, defendant resided in the

marital home rent and mortgage free and that the fair market rental value of the property during that time was $47,500.

### 4. Divorce and Separation § 161 (NCI4th)— equitable distribution—unequal division of property—distributional factors

The trial court did not abuse its discretion in an equitable distribution action in which there was an unequal division of property where defendant contended that the court refused to give proper consideration to equitable factors but the court made thorough findings of fact as to each distributional factor implicated by the evidence presented by both parties.

Appeal by defendant from order entered 4 April 1997 by Judge Shelly S. Holt in New Hanover County District Court. Heard in the Court of Appeals 23 March 1998.

On 22 August 1995, plaintiff filed a complaint seeking a divorce from defendant and requesting equitable distribution of the marital property. On 5 July 1996, the trial court entered an absolute divorce.

Following a subsequent hearing, the trial court entered an order in which it found the following items to be marital property: a profit sharing account in defendant's name valued at $4,472.00; a retirement savings plan in defendant's name valued at $6,353.00; a pension plan in defendant's name valued at $2,925.00; a comforter valued at $200.00; a vase valued at $50.00; a tray valued at $50.00; a clock valued at $25.00; glasses valued at $50.00; a pillow valued at $20.00; china valued at $300.00; a dog valued at $550.00; and stock valued at $69,647.00. The trial court also found that plaintiff failed to rebut the presumption that real property purchased during the marriage, a house on Bradley Creek Point Road in Wilmington (hereinafter "Bradley Creek") valued at $760,000.00, was marital property. The trial court further found that $32,253.78 paid by defendant to a contractor after the parties separated was a marital debt. Another $3,585.16 paid by plaintiff for renovations to Bradley Creek was also found to be marital debt.

The trial court then found each party contended he or she was entitled to an unequal distribution of the marital property. The trial court made findings of fact as to distributional factors as follows:

a. The parties' marriage was of a very short duration, lasting only 10 months. North Carolina General Statute § 50-20(c)(3).

b. Plaintiff is 52 years of age and is in generally good health. Plaintiff was treated for depression before, during and after the marriage, but is not currently being treated for depression. Defendant is 42 years of age and in good health. Defendant has "back problems." North Carolina General Statute § 50-20(c)(3).

c. The Plaintiff's separate estate as of the date of marriage, was $5,321,157.00, and, as of the date of separation, was $6,285,792.00. No evidence was presented as to the value of his separate estate as of the time of trial, other than the use of $898,231.22 in separate funds to purchase and renovate Bradley Creek. North Carolina General Statute §§ 50-20(c)(1), 50-20(c)(6) and 50-20(c)(11a).

d. The Defendant's separate estate, as of the date of separation, was $172,159.00 and had appreciated by approximately $48,000.00 between the date of separation and the time of the trial. No value has been placed on the stock option referred to elsewhere in paragraph 31 of this Order. North Carolina General Statute § 50-20(c)(1).

e. Defendant currently owes about $12,000.00 on a boat which she bought for $15,000.00 after the separation. North Carolina General Statute § 50-20(c)(1).

f. Currently Plaintiff has investment income of $50,000.00 to $75,000.00 per year, while Defendant has employment income between $105,000.00 to $110,000.00 per year. North Carolina General Statute § 50-20(c)(1).

g. Plaintiff is a licensed attorney, but has never practiced in the area of family law. Plaintiff practiced as an attorney for approximately three years, ending his practice in 1973. North Carolina General Statute § 50-20(c)(12).

h. The Trial Court has considered as a distributional factor the circumstances and manner in which Bradley Creek was acquired, as described in Findings of Fact 10 through 25 above. Plaintiff made the offer to purchase Bradley Creek prior to the parties' marriage, and in fact prior to the parties' engagement. The original closing date was prior to the parties' marriage, but was rescheduled and actually took place after the parties['] marriage. North Carolina General Statute §§ 50-20(c)(6) and 50-20(c)(12).

i. Defendant contributed her time and efforts, both before and during the marriage, to the planning, design, and implementation of the renovations to Bradley Creek. North Carolina General Statute §§ 50-20(c)(6) and 50-20(c)(12).

j. The entire purchase price of $607,918.41 for Bradley Creek came from Plaintiff's separate property funds. North Carolina General Statute §§ 50-20(c)(6) and 50-20(c)(12).

k. During the marriage and after the separation Plaintiff paid $290,312.81 from his separate property funds toward the renovations of Bradley Creek. During the marriage and after the separation, Defendant paid $37,268.86 toward said renovations. North Carolina General Statute §§ 50-20(c)(6) and 50-20(c)(11a).

l. Throughout the marriage the parties resided at Plaintiff's separate residence at 7 Sounds Point, Wilmington, New Hanover County, North Carolina, while the extensive renovations were made to Bradley Creek. North Carolina General Statute § 50-20(c)(12).

m. Plaintiff has never resided in Bradley Creek, despite having spent $898,231.22 of his separate funds to purchase and renovate the property. Plaintiff was precluded from the occupancy, use, and enjoyment of Bradley Creek by Defendant's assumption of exclusive possession of the property. North Carolina General Statute § 50-20(c)(12).

n. The bulk of the marital estate, having a fair market value as of the date of separation of $844,642.00, consists of the fair market value of $760,000.00 in Bradley Creek. Bradley Creek is a non-liquid asset. North Carolina General Statute § 50-20(c)(9).

o. Defendant has resided in Bradley Creek since the date of separation, living there rent and mortgage free. The fair market rental value of Bradley Creek is $2,500.00 per month. As of the date of trial Defendant had lived in the property for 19 months. The fair market rental value of the property during this time was $47,500.00. North Carolina General Statute §§ 50-20(c)(11a) and 50-20(c)(12).

p. Since the date of separation Plaintiff paid $4,370.00 for insurance and sewer payments on Bradley Creek. Defendant paid $3,190.83 for county taxes and homeowner's dues and has

maintained the property since the date of separation. North Carolina General Statute § 50-20(c)(11a).

q. The court classified 1,633.33 shares of Medic Computer stock as marital property. The court considered as a distributional factor the fact that said stock was purchased through the use of options which were issued to the Defendant prior to the marriage, one third of which vested and were exercised before the marriage, one third of which vested and were exercised during the marriage, and one third of which vested after the date of separation. North Carolina General Statute § 50-20(c)(5), 50-20(c)(6), and 50-20(c)(11a).

r. Plaintiff contended he was entitled to a distributional consideration under North Carolina General Statute § 50-20(c)(11) for the loss of the ability to defer capital gains from the sale of his Sounds Point residence. During the marriage the parties agreed Plaintiff would sell his Sounds Point residence and the parties would reside at Bradley Creek. By selling the Sounds Point residence within 2 years of purchasing Bradley Creek, Plaintiff would save $150,121.00 in capital gains taxes from the sale of Sounds Point. Defendant did not dispute this calculation. Defendant's assertion of exclusive possession of Bradley Creek prevented Plaintiff from establishing it as his residence. However, Plaintiff has not sold the Sounds Point residence, and thus has not incurred a tax obligation. Nothing in this order will require Plaintiff to incur such a tax obligation. Thus, any such increased tax obligation is too speculative to be considered as a distributional factor.

s. Plaintiff also contended this court should consider as a distributional factor under North Carolina General Statute § 50-20(c)(5) Defendant's ownership of 3,266.67 non-vested stock options allowing her to purchase these common shares of Medic Computer stock for $0.425 per share. (This option is the same option described in Findings of Fact 31 above. The number of options has doubled because the stock has split 2 for 1.) As of the date of trial the stock had a fair market value of $35.00 per share. As a result, the value of this option, which is Defendant's separate property, is $112,945.00. However, the court finds that as there is no evidence that all of the conditions will occur that will allow defendant to make such a purchase, to consider this as a distributional factor would be speculative.

Additionally, the trial court found neither party argued for consideration of any other distributional factors.

Based upon its findings of fact, the trial court concluded that after giving consideration to all the distributional factors set out in N.C. Gen. Stat. § 50-20(c) (Cum. Supp. 1997) and "particular consideration" to N.C. Gen. Stat. § 50-20(c)(3), (6), (11a), and (12), "an equal division of the marital estate is not equitable." The trial court concluded plaintiff should receive as his equitable share of the marital estate Bradley Creek and the comforter while defendant should receive the remainder of the marital property. The trial court also concluded the marital debts already paid by the respective parties should be assigned to them. Finally, the trial court concluded the distribution was "equitable to both Plaintiff and Defendant, considering all of the competent evidence presented by either party with regard to any and every distributional factor . . . ."

The trial court ordered distribution of the marital property in accordance with its conclusions of law. Defendant appealed.

*Edward P. Hausle, P.A., by Edward P. Hausle, for plaintiff appellee.*

*Howard, Stallings, Story, Wyche, From & Hutson, P.A., by Catherine C. McLamb, for defendant appellant.*

HORTON, Judge.

[1] Defendant argues the trial court abused its discretion by ordering an unequal division of the marital property and the marital debt. Specifically, she first contends the trial court erred by applying the "source of funds" rule to the marital residence. We disagree.

The division of marital property is a matter within the sound discretion of the trial court, and its judgment will not be disturbed on appeal absent an abuse of that discretion. *Johnson v. Johnson*, 78 N.C. App. 787, 790, 338 S.E.2d 567, 569-70 (1986). The trial court's decision that an equal division is not equitable will not be disturbed on appeal unless this Court, upon consideration of the record, can determine that the division has resulted in an obvious miscarriage of justice. *Alexander v. Alexander*, 68 N.C. App. 548, 552, 315 S.E.2d 772, 775-76 (1984).

In this case, the trial court made findings as to various distributional factors and found the parties did not argue for consideration of

## DAVIS v. SINEATH

[129 N.C. App. 353 (1998)]

any other distributional factors. Defendant did not assign error to the trial court's findings, and they are therefore binding on appeal. *See Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982) (holding if error is not assigned to a finding of fact it is presumed to be supported by competent evidence and is binding on appeal).

The trial court concluded an equal division of the marital property would be inequitable and ordered Bradley Creek be assigned to plaintiff. Defendant argues the trial court improperly applied the "source of funds" rule to reach this conclusion.

Under the "source of funds" rule, "when both the marital and separate estates contribute assets towards the acquisition of property, each estate is entitled to an interest in the property in the ratio its contribution bears to the total investment in the property." *Wade v. Wade*, 72 N.C. App. 372, 382, 325 S.E.2d 260, 269, *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985). However, when property is titled as a tenancy by the entirety, there is a presumption that any separate property funds used to acquire the property was a gift to the marriage and the property is marital in nature. *McLean v. McLean*, 323 N.C. 543, 552, 374 S.E.2d 376, 382 (1988).

The trial court properly found Bradley Creek was marital property in accordance with the holding in *McLean*. However, the trial court concluded Bradley Creek should be distributed to plaintiff based, at least in part, upon its findings that the entire purchase price of Bradley Creek, $607,918.41, came from plaintiff's separate property funds, and during the marriage and after separation plaintiff paid $290,312.81 from his separate property funds for renovations of Bradley Creek. Even though the use of separate property funds to acquire property titled as a tenancy by the entirety creates a presumption of a gift to the marital estate, the use of those funds may properly be considered as a distributional factor. *Collins v. Collins*, 125 N.C. App. 113, 116, 479 S.E.2d 240, 242, *disc. review denied*, 346 N.C. 277, 487 S.E.2d 542 (1997). Therefore, the trial court's conclusion is supported by its findings.

[2] Furthermore, defendant incorrectly argues that plaintiff's use of his separate property funds to purchase and renovate Bradley Creek was the sole distributional factor relied upon by the trial court to reach its conclusion. The trial court also properly considered as a distributional factor that the marriage lasted only ten months. *See* N.C.

Gen. Stat. § 50-20(c)(3). Defendant has failed to show the trial court abused its discretion by ordering an unequal division of the marital property.

[3] Defendant also contends the trial court erred by assigning her $32,253.78 of marital debt for renovations a contractor had done during the marriage. Defendant paid this amount to the contractor after the date of separation and while she was living at Bradley Creek. The trial court properly considered as a distributional factor that after the date of separation defendant resided in the marital home rent and mortgage free and that the fair market rental value of the property during that time period was $47,500.00. *See Burnett v. Burnett*, 122 N.C. App. 712, 716, 471 S.E.2d 649, 652 (1996) (holding a party's exclusive use of the marital residence after separation is a relevant distributional factor that must be considered by the trial court). Defendant has failed to show the trial court abused its discretion by ordering an unequal division of the marital debt.

[4] Finally, defendant also contends the trial court erred by "refusing to give proper consideration to equitable factors" in her favor. When evidence is presented from which the trial court could determine that an equal distribution of the marital property would be inequitable, the trial court must consider all of the distributional factors set out in N.C. Gen. Stat. § 50-20(c) and make sufficient findings as to each factor upon which evidence was offered. *Locklear v. Locklear*, 92 N.C. App. 299, 305-06, 374 S.E.2d 406, 410 (1988). The able trial court made thorough findings of fact as to each of the distributional factors implicated by the evidence presented by both parties. These findings clearly demonstrate the trial court gave proper consideration to all distributional factors. Defendant's contention is without merit.

We hold the trial court did not abuse its discretion by ordering an unequal distribution of the marital property and the ordered division did not result in an obvious miscarriage of justice. For these reasons, the order of the trial court must be

Affirmed.

Chief Judge ARNOLD and Judge SMITH concur.