RICHARD KEVIN GLASPY v. SANDRA (CHAPMAN) GLASPY

No. COA00-335

(Filed 15 May 2001)

**1. Divorce— equitable distribution—classification of property**

The trial court erred by classifying as marital real property that was purchased by plaintiff before the marriage where plaintiff made the down payment and paid the closing costs, and the deed listed as grantees plaintiff and defendant, "unmarried." Property acquired by a party prior to marriage remains that party's separate property; the Court of Appeals has specifically refused to adopt a theory of transmutation. Correspondingly, any increases in equity and any debt incurred during the marriage were appropriately classified as marital property.

GLASPY v. GLASPY

[143 N.C. App. 435 (2001)]

### 2. Divorce— equitable distribution—valuation of property

The trial court erred in an equitable distribution action by not specifically finding the net value of real property and a truck as of the date of separation.

### 3. Divorce— equitable distribution—property acquired before marriage—constructive trust

The trial court erred in an equitable distribution action, remanded on other grounds, by imposing a constructive trust on real property acquired before marriage; the facts supporting a constructive trust must be supported by clear and convincing evidence and so stated in the equitable distribution action. If the constructive trust cannot be properly supported on remand, the property can be transferred by court order pursuant to N.C.G.S. § 50-20(g) so long as defendant is given credit for the value of that part which is separate in character.

### 4. Divorce— equitable distribution—tax lien—marital debt

The trial court in an equitable distribution action properly found a tax lien to be a marital debt where plaintiff and defendant were the owners of a masonry business, they shared the proceeds from the business during the marriage, debt was incurred by the business in the form of a tax lien, and there was nothing presented in the brief that would make the debt separate.

### 5. Divorce— equitable distribution—distributional factors

The trial court did not err in an equitable distribution action by considering as distributional factors the source of funds for a down payment on real property, defendant's removal or disposal of plaintiff's separate property, and defendant's "looting" of the marital estate.

### 6. Divorce— equitable distribution—trial court errors— remand rather than new trial

A defendant in an equitable distribution action was not entitled to a new trial rather than a remand to correct errors. The Court of Appeals is hesitant to remand equitable distribution cases and even more hesitant to grant a new trial. New trials have been granted where the trial court errors are pervasive and egregious; there are no such errors in the case at bar.

GLASPY v. GLASPY

[143 N.C. App. 435 (2001)]

Appeal by defendant from judgment entered 19 July 1999 by Judge Robert S. Cilley in Henderson County District Court. Heard in the Court of Appeals 25 January 2001.

*Donald H. Barton for the Plaintiff-Appellee.*

*Jackson & Jackson by Phillip T. Jackson for the Defendant-Appellant.*

THOMAS, Judge.

Defendant, Sandra (Chapman) Glaspy, appeals from an equitable distribution order, setting forth five assignments of error. For the reasons discussed herein, we affirm in part and reverse and remand in part.

Plaintiff, Richard Kevin Glaspy, and defendant lived together prior to marriage. During that time, in March of 1988, a 25.2 acre tract of land in Henderson County, which included two double-wide trailers, was purchased. The deed named as grantees, Richard Kevin Glaspy, "unmarried," and Sandra Dianne Chapman "unmarried." Plaintiff made the initial down payment of $15,000 toward the purchase price of $75,000 from his separate funds, with the remaining amount financed.

The parties married on 28 December 1989 and accumulated additional property prior to their separation on 3 April 1995. Plaintiff operated a masonry business during the marriage with defendant's name, at times, listed as part owner. The income from that enterprise, combined with proceeds from selling firewood, went toward household needs and $29,600 in mortgage payments on the Henderson County tract. The masonry business, however, eventually generated a federal tax lien of $29,000. Plaintiff made a $700 payment on it after the date of separation and by the date of trial $28,300 was still owed on the tax lien.

In a judgment entered 29 July 1999, the trial court found that defendant's income from working sporadically outside the home was primarily used for vehicle payments. The trial court further found that the Henderson County property was marital despite being purchased prior to marriage. The court imposed a constructive trust and ordered defendant to transfer her interest by limited warranty deed to plaintiff. The trial court also determined that the tax lien was marital debt.

The trial court included in its order a finding that defendant had "to the extent she was able to do so, looted the marital estate." Among other misdeeds affecting the economic status of the parties, she entered the home being used by plaintiff after the date of separation and, without permission, took items such as furniture, lawn maintenance supplies, a horse and its reins, a stove, sets of scaffolding, a cast iron Dutch oven, food and even a 650-pound live pig. The trial court did not find as a distributional factor but did find as a fact going to credibility that defendant received over $13,000 in child support from plaintiff after the date of separation only for a DNA test to later show the child was not plaintiff's. Considering all of the evidence, the court ordered an unequal division of marital property in favor of plaintiff. Defendant appeals.

[1] By defendant's first assignment of error, she argues the trial court erred in failing to find a net value as of the date of separation for some of the property classified as marital. We agree and remand to the trial court for further findings of fact related to this assignment of error. First, however, we note that in defendant's brief there is a question of whether the real property was correctly classified by the trial court as marital. We next address this concern.

At the time this equitable distribution action was filed, the court's three-step analysis was to: (1) identify the marital property and separate property; (2) calculate the net value of the marital property; and (3) distribute the marital property in an equitable manner. *O'Brien v. O'Brien*, 131 N.C. App. 411, 508 S.E.2d 300 (1998), *review denied*, 350 N.C. 98, 528 S.E.2d 365 (1999). A separate category of divisible property was added effective 31 October 1998. This Court has held the trial court must make specific findings related to the net value of each item, determining the net market value as of the date the parties separated for each item distributed. *See* N.C. Gen. Stat. § 50-20(c) (1999); *McIver v. McIver*, 92 N.C. App. 116, 374 S.E.2d 144 (1988).

Plaintiff paid the $15,000 down payment and $1000 closing costs for the property *before* the marriage. The deed for the property named plaintiff and defendant, "unmarried," as grantees. Generally, property acquired by a party prior to marriage remains that party's separate property. *Ciobanu v. Ciobanu*, 104 N.C. App. 461, 409 S.E.2d 749 (1991). Further, in North Carolina, if unmarried persons acquire property in land, it is presumed they acquire it as tenants in common and not tenants by the entirety because the unity of person is lacking. *Grant v. Toatley*, 244 N.C. 463, 94 S.E.2d 305 (1956). In *McIver v.*

*McIver*, this Court held that property acquired during cohabitation is not marital property, even though the parties purchased the home with the intent that it become their marital residence. 92 N.C. App. 116, 374 S.E.2d 144 (1988). The *McIver* Court specifically stated that the "statute is unambiguous: property must be acquired *during marriage* to be classified as marital property, and only marital property is subject to distribution." *Id.* at 125, 374 S.E.2d at 150. (Emphasis original).

In the equitable distribution order at issue, however, the trial judge found that the Henderson County tract was entirely marital property and that defendant held legal title in a one-half interest in the land, or equity in the amount of $7500. Section 50-20 provides that " 'Marital property' means all real and personal property acquired by either spouse during the course of the marriage and before the date of separation. . . . 'Separate property' means all real and personal property acquired by a spouse before marriage. . . ." N.C. Gen. Stat. § 50-20(b)(1,2) (1999). In his order, the trial judge notes in the findings of fact that

> the said property is and should be deemed to have been acquired during the marriage by virtue of the purchase money mortgage payments, taxes, insurance and other improvements made on the property . . . during the marriage.

> 18. That equity demands that the property . . . be considered marital property. That said property . . . was occupied by the parties for only a short duration prior to the marriage. The Plaintiff made all the [various payments] and marital funds were expended upon this property during the marriage.

> 19. That the Defendant would be unjustly enriched if the Plaintiff and the marital estate were not compensated for the contributions in payments[.]

> 20. . . . [I]t was the parties' intention that this property be part of the marital estate[.]

> 21. That the parties held title to this property under circumstances which in equity obligated them to hold the title and ownership of said property for the benefit of the marital estate.

> 22. That this property . . . was the marital residence and was occupied during the entire time the parties lived together as the marital residence. . . .

24. That these facts establish the acquisition of an equitable interest in this property, which is marital, regardless of when it was acquired and how it was acquired, and this property is subject to disposition by this court as if acquired during the marriage.

25. That on these facts, a constructive trust should be imposed upon the property. . . .

[27]. That to Allow the Defendant to retain any benefits of the Marital Estate's contribution to the acquisition of this property, without declaring the property to be part of the marital estate, would be inequitable.

The trial judge, despite recognizing that the property was acquired before marriage, nevertheless classified it as marital. As precedent, however, *McIver* governs the instant case, regardless of the extensive and detailed findings of the trial court. Moreover, this Court has specifically refused to adopt a theory of transmutation, which would allow commingling separate property with marital property and classifying the improved real property as entirely marital because it evidences an intent to "transmute" or transform separate property into marital property. *Wade v. Wade*, 72 N.C. App. 372, 381, 325 S.E.2d 260, 269 (1985). We hold, therefore, that the interests acquired by plaintiff and defendant before they were married are the parties' respective separate property. Correspondingly, any increases in equity and any debt incurred during the marriage were appropriately classified as marital property.

**[2]** Further, the trial court failed to find the net value of the marital portion of the real property and the 1994 F-150 truck. Without a full determination of the net value as of the date of separation of distributed items, the trial court cannot be said to have divided the property equitably. *See* N.C. Gen. Stat. § 50-20(c); *Willis v. Willis*, 86 N.C. App. 546, 358 S.E.2d 571 (1987). A failure to divide the property equitably would clearly prejudice defendant. In the instant case, the trial court failed to specifically find the net value of the real property and the Ford F-150 truck as of the date of separation. Therefore, as to defendant's third assignment of error, we find the trial court committed error in classifying the real property as marital and in failing to make appropriate findings of fact as to the valuation of the real property and the F-150 truck. Upon remand, we leave it to the discretion of the trial court to determine whether additional evidence or arguments of counsel would be necessary.

**[3]** Although we remand for reclassification and valuation, we nonetheless respond to defendant's second assignment of error, where she argues the trial court erred by imposing a constructive trust for the benefit of the marital estate on the real property acquired prior to the marriage. We agree.

A constructive trust is a

relationship with respect to property subjecting the person by whom the title to the property is held to an equitable duty to convey it to another on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property.

*Black's Law Dictionary* 315 (6th ed. 1990). Thus, it operates against any party who wrongfully holds title to property. *Roper v. Edwards*, 323 N.C. 461, 373 S.E.2d 423 (1988). In *Upchurch v. Upchurch*, this Court held that in an equitable distribution action, a trial judge may impose a constructive trust on property if an equitable interest was acquired in it during the marriage and before the date of separation. *(Upchurch II)* 128 N.C. App. 461, 495 S.E.2d 738, *review denied*, 348 N.C. 291, 501 S.E.2d 925 (1998). The facts supporting a constructive trust must be supported by clear and convincing evidence and so stated in the equitable distribution order. *Id.* In the case at bar, there is nothing in the order that indicates whether the constructive trust was established by clear and convincing evidence. Consequently, here, as in *Upchurch I*, we remand for the trial judge to reconsider the evidence based on that standard of proof. *See Upchurch v. Upchurch*, 122 N.C. App. 172, 468 S.E.2d 61, *disc. rev. denied*, 343 N.C. 517, 472 S.E.2d 26(1996) *(Upchurch I)*.

We note that even if the constructive trust cannot be properly supported, there is still an adequate remedy for plaintiff. The property can be transferred by court order pursuant to section 50-20(g) even if it is separate so long as defendant is given credit for the value of that part which is separate in character. *Wade v. Wade*, 72 N.C. App. 372, 382-83, 325 S.E.2d 260, 270, *review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985).

**[4]** By defendant's third assignment of error, she argues the trial court erred by determining a federal tax lien to be a marital debt. We disagree.

A marital debt is one incurred during the marriage and before the date of separation, by either spouse or both spouses, for the joint

benefit of the parties. *Huguelet v. Huguelet*, 113 N.C. App. 533, 439 S.E.2d 208, *review denied*, 336 N.C. 605, 447 S.E.2d 392 (1994). The evidence presented at trial showed plaintiff and defendant were owners of a masonry business. During the marriage, the proceeds from the business were shared by plaintiff and defendant. Later, the debt was incurred by the business in the form of a tax lien. There was nothing presented in defendant's brief that would make the debt separate, since the business profits were for the joint benefit of plaintiff and defendant as husband and wife during the marriage. *See Riggs v. Riggs*, 124 N.C. App. 647, 652, 478 S.E.2d 211, 214 (1996), *review denied*, 345 N.C. 755, 485 S.E.2d 297 (1997). Based on our review of the record, the trial court properly found the tax lien to be marital debt. We, accordingly, reject this assignment of error.

**[5]** By defendant's fourth assignment of error, she argues the trial court used improper factors in distributing the property. We disagree. Because the trial court must reclassify and make findings as to the valuation of certain property, some findings as to the distributional factors may change. Nevertheless, many of these same issues may well resurface. Consequently, we consider this assignment of error.

Under N.C. Gen. Stat. § 50-20, the trial court is to distribute the property equally unless the court determines that an equal division is not equitable. *Daetwyler v. Daetwyler*, 130 N.C. App. 246, 502 S.E.2d 662 (1998), *affirmed*, 350 N.C. 375, 514 S.E.2d 89 (1999). The distributional factors are as follows:

(1) The income, property, and liabilities of each party at the time the division of property is to become effective;

(2) Any obligation for support arising out of a prior marriage;

(3) The duration of the marriage and the age and physical and mental health of both parties;

(4) The need of a parent with custody of a child or children of the marriage to occupy or own the marital residence and to use or own its household effects;

(5) The expectation of pension, retirement, or other deferred compensation rights that are not marital property;

(6) Any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and

contributions and services, or lack thereof, as a spouse, parent, wage earner or homemaker;

(7) Any direct or indirect contribution made by one spouse to help educate or develop the career potential of the other spouse;

(8) Any direct contribution to an increase in value of separate property which occurs during the course of the marriage;

(9) The liquid or nonliquid character of all marital property and divisible property;

(10) The difficulty of evaluating any component asset or any interest in a business, corporation or profession, and the economic desirability of retaining such asset or interest, intact and free from any claim or interference by the other party;

(11) The tax consequences to each party;

(11a) Acts of either party to maintain, preserve, develop, or expand; or to waste, neglect, devalue or convert the marital property or divisible property, or both, during the period after separation of the parties and before the time of distribution; and

(12) Any other factor which the court finds to be just and proper.

N.C. Gen. Stat. § 50-20(c). Defendant argues the trial court should not have considered as distributional factors: 1) the source of funds for the down payment on the real property; 2) the defendant's removal or disposal of plaintiff's separate property; and 3) the defendant's "looting" of the marital estate. The trial court's findings of fact included these three categories. We note that on appeal, findings of fact supported by competent evidence are binding. *State v. Cooke*, 306 N.C. 132, 291 S.E.2d 618 (1982).

First, defendant challenges the trial court's use of the source of funds rule. Under the source of funds rule, property is acquired through both marital and separate estates and each estate is entitled to an interest in the property in proportion to its contribution. *Davis v. Sineath*, 129 N.C. App. 353, 498 S.E.2d 629 (1998). Thus, premarital contributions are relevant in an equitable distribution proceeding. N.C. Gen. Stat. § 50-20(b)(1, 2). *See also McIver v. McIver*, 92 N.C. App. 116, 374 S.E.2d 144 (1988). Such contributions are considered a proper distributional factor. *Davis*, 129 N.C. App. at 359, 498 S.E.2d at 633. Accordingly, the trial court did not err in considering

plaintiff's separate funds in making a down payment on their real property.

Second, the trial court considered evidence of defendant removing or disposing of plaintiff's separate property as a non-statutory distributional factor. Non-statutory distributional factors fall under the catch-all factor of "[a]ny other factor which the court finds to be just and proper." N.C. Gen. Stat. § 50-20(c)(12). The record shows defendant entered the dwelling of the plaintiff after separation and removed approximately $4,000.00 worth of property, including all the furniture in the house with the exception of a bed, chair and kitchen table. Defendant then entered the home again at a later date and removed such items as food, guns, a leather coat, frozen meats and personal items of plaintiff. Defendant even "hauled off" their 1971 Chevy pickup truck and sold it for $400. Therefore, we find there was sufficient evidence for the trial court's findings of fact and the trial court properly considered the conduct of defendant as it related to the economic standing of the parties as a distributional factor under section 50-20(c)(12). Consequently, the trial court did not err in considering evidence of defendant removing or disposing of plaintiff's separate property.

Third, defendant argues the trial court erred in considering and finding that defendant "looted the marital estate." This was, as well, a non-statutory distributional factor pursuant to section 50-20(c)(12). She seized more than $7500 worth of goods out of the marital estate, including rental funds, $4000 worth of property and plaintiff's personal items. This, among other matters, led the trial court to the conclusion that "an equal distribution of the marital property would be grossly inequitable." The trial court's finding of this non-statutory distributional factor is, therefore, sufficiently supported by the evidence. The trial court did not err in considering this evidence and, accordingly, we reject defendant's fourth assignment of error.

[6] By her fifth assignment of error, defendant argues she is entitled to a new trial rather than a remand to correct any errors. We disagree.

This Court is hesitant to remand equitable distribution cases and even more hesitant to reverse an equitable distribution judgment and grant the appellant a new trial. *See Lawing v. Lawing*, 81 N.C. App. 159, 344 S.E.2d 100 (1986). In situations where errors committed by the trial court are so pervasive and egregious, this Court has occasionally granted a new trial to correct such errors. *See Hunt v. Hunt*,

112 N.C. App. 722, 436 S.E.2d 856 (1993); *Wilkins v. Wilkins*, 111 N.C. App. 541, 432 S.E.2d 891 (1993). In *Hunt*, the trial court made insufficient findings of fact, leading to unsupported conclusions of law and no record for the trial court to rely upon to determine equitable distribution. In *Wilkins*, the trial court erred as a matter of law in considering hypothetical tax consequences as a distributive factor and in considering an ancillary order for alimony *pendente lite* in formulating the equitable distribution award. In the case at bar, however, we find no such consequential errors and reject this assignment of error.

Accordingly, we remand the matter with the following instructions: the trial court may take additional evidence, if necessary, but in any event must make sufficient findings of fact as to the net value of the F-150 truck on the date of separation and the net value of the real estate on both the date of marriage and separation. The trial court must also reclassify the real property as property that is both partially marital and partially separate and vacate the order for a constructive trust. The trial court may modify its division of property as appropriate. Otherwise, the judgment of the trial court is affirmed.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Judges MARTIN and TIMMONS-GOODSON concur.