ELMORE, Judge.
Defendant appeals from a partial equitable distribution order entered 6 November 2013 and a final judgment and order for equitable distribution entered 10 March 2014. After careful consideration, we remand for further proceedings.
I. Background
Edward Frye (plaintiff) and Candy Frye (defendant) married on 17 July 1977, separated on 21 December 2010, and divorced on 12 February 2012. On 11 March 2011, plaintiff filed a complaint for equitable distribution, post separation support, and attorney's fees. The trial court entered a partial equitable distribution order on 6 November 2013 for the sole purpose of classifying, valuing, and distributing a home and 34.11 acres ("the farm") located at 3825 Old Beatty's Ford Road in China Grove.
The trial court made the following relevant findings of fact:
16. The undeveloped 34.11 acres of land was purchased in June, 1986, and titled in Defendant's sole name. Plaintiff was told by the Defendant that he did not need to attend the closing for the purchase so he did not take time off from work to attend.... [Plaintiff] did not discover the title was in Defendant's sole name until the summer of 2001.
17. ... Defendant claims she told Plaintiff this was to be her separate property, but Plaintiff denies this. Competent evidence on how much, if any, of defendant's inherited funds were used in the purchase of the property was not adduced.
...
19. There was no language placed in the conveyance to Defendant to indicate this was to be her sole and separate property and not subject to equitable distribution.
...
21. The parties improved the property by building their marital residence on a 2.653 acre tract of the property in 1987. Plaintiff conducted small, non-commercial farming operations on rest of the land. Plans for the house were selected by Defendant, from Country Living magazine and the interior layout from a log cabin and modified in drawings provided to the contractor. A $75,000 mortgage was secured on the 2.653 acre home site in 1987 to pay off the contractor, and an easement was created over the remaining 31.64 acres for the driveway to the home.
22. While Defendant provided some evidence (Estate filings, deed for sale of father's residence, and Money Market and CD certificate tax statements) showing that she received an inheritance and other assets from her father and sold a house transferred to her by her father during the time period from 1983-1986, she provided no evidence which traced the funds from those inherited assets into the purchase of the marital land or improvements thereon after purchase. Evidence was adduced that defendant paid herself back some money which was used in the purchase and construction of the home.
The trial court concluded that defendant failed to rebut the marital presumption regarding the farm and home and classified the property as marital with a value of $400,000. On 10 March 2014, the trial court entered a final equitable distribution order and judgment, dividing the parties' marital and divisible property. The trial court distributed "the house and 2.653 acres, along with an easement" (valued at $237,600) and "the remaining tract of the 31.46 acres" (valued at $162,400) to defendant. Defendant appeals.
a.) Findings of Fact
i.) Findings # 17, # 22
The trial court classified the farm and home as marital property and concluded that defendant failed to rebut the marital presumption regarding the contested property based on finding of fact # 17 in the partial equitable distribution order, "[c]ompetent evidence on how much, if any, of defendant's inherited funds were used in the purchase of the property was not adduced[,]" and a portion of finding of fact # 22, "[defendant] provided no evidence which traced the funds from those inherited assets into the purchase of the marital land or improvements thereon after purchase." Defendant argues these findings are not supported by competent evidence. We agree.
"In reviewing a trial judge's findings of fact, we are strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." State v. Williams,362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (citation and quotation marks omitted). "The trial court must consider all the competent evidence relevant to the issues before it[,]" and "[w]hen competent evidence pointing to the existence of a fact is before the court, it is error to find that no evidence on that issue was introduced." Lawing v. Lawing,81 N.C.App. 159, 172-73, 344 S.E.2d 100, 110 (1986).
Defendant testified that she used $52,000 received from the sale of her father's home towards the purchase of the farm. As for the remaining $5,000 of the purchase price, defendant stated that she used other funds inherited from her father. After the parties purchased the farm, defendant further testified the construction costs for the home on the farm was approximately $70,000, and she paid that amount from the proceeds resulting from the sale of her father's house and a certificate of deposit account. Thus, the trial court erred in findings of fact # 17 and # 22 to the extent they assert that defendant provided no competent evidence or any evidence of how much, if any, of defendant's inherited funds were used in the purchase of the farm, construction of the home, and improvements made thereon.
ii.) Disposition Resulting From Erroneous Findings
We next examine what action this Court will take as a result of the trial court's erroneous findings of fact.
In equitable distribution actions, the trial court must conduct a three-pronged analysis: "(1) identify the property as either marital, divisible, or separate property after conducting appropriate findings of fact; (2) determine the net value of the marital property as of the date of the separation; and (3) equitably distribute the marital and divisible property." Mugno v. Mugno,205 N.C.App. 273, 277, 695 S.E.2d 495, 498 (2010). Marital property includes "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties." Simon v. Simon,--- N.C.App. ----, ----, 753 S.E.2d 475, 478 (2013) (citation and quotation marks omitted). Separate property includes:
all real and personal property acquired by a spouse before marriage or acquired by a spouse by devise, descent, or gift during the course of the marriage. However, property acquired by gift from the other spouse during the course of the marriage shall be considered separate property only if such an intention is stated in the conveyance.
N.C. Gen.Stat. § 50-20(b)(2) (2013). The party seeking to classify the property as marital must show by a preponderance of the evidence "that the property: (1) was acquired by either spouse or both spouses; and (2) was acquired during the course of the marriage; and (3) was acquired before the date of the separation of the parties; and (4) is presently owned." Langston v. Richardson,206 N.C.App. 216, 220, 696 S.E.2d 867, 871 (2010) (citation and quotation marks omitted).
Our Courts have also recognized that a singular asset can be obtained by a contribution of both marital and separate property. Minter v. Minter,111 N.C.App. 321, 327, 432 S.E.2d 720, 724 (1993). In these circumstances, we use the "source of funds approach to [distinguish] such contributions." Id.Under the "source of funds" approach, once a party seeking to classify property as marital satisfies its burden, the burden shifts to the opposing party "to show that the source of the contested property was separate property[.]" Id.If a trial court determines the martial and separate estates contributed property towards the procurement of an asset, "each estate is entitled to an interest in the property in the ratio its contribution bears to the total investment in the property." Davis v. Sineath,129 N.C.App. 353, 359, 498 S.E.2d 629, 633 (1998) (citation and quotation marks omitted).
Here, there is no dispute that defendant acquired the farm and home during the marriage and the parties owned them at the time of separation. Thus, the burden shifted to defendant to show the source of the funding to acquire the farm, construct the home, and make improvements thereon was separate property.
The trial court concluded that defendant failed to rebut the marital presumption regarding the contested property and classified the contested property as marital based on its portion of finding # 17 in the partial equitable distribution order, "[c]ompetent evidence on how much, if any, of defendant's inherited funds were used in the purchase of the property was not adduced[,]" and the portion of finding # 22, "[defendant] provided no evidence which traced the funds from those inherited assets into the purchase of the marital land or improvements thereon after purchase." However, as previously discussed, these findings of no "[c]ompetent evidence" and "no evidence" are erroneous in light of defendant's testimony. Therefore, the trial court's legal conclusion that defendant failed to rebut the marital presumption was based on findings that were not supported by competent evidence. As such, the trial court's legal conclusion was not supported by its findings of fact.
Based on the foregoing analysis, we remand this matter to the trial court for further proceedings. Should the trial court determine findings # 17 and # 22 were supposed to indicate that defendant's testimony was not credible or sufficient enough to overcome the marital presumption, then it must make findings consistent with that determination. However, if the aforementioned findings were made because the trial court overlooked defendant's testimony, the trial court must make findings of fact to consider the credibility, weight, and sufficiency of defendant's evidence to determine whether defendant overcame the presumption that the home and farm were entirely marital property.
iii.) Remaining Portion of Finding # 22
Defendant also argues that the portion of finding # 22 in the partial equitable distribution order, "[e]vidence was adduced that defendant paid herself back some money which was used in the purchase and construction of the home [on the farm,]" is not supported by competent evidence. We disagree.
In 1988, the parties took out a $50,000 equity line of credit secured against the farm in addition to the previous mortgage for $75,000. Plaintiff testified he believed defendant had reimbursed herself from the equity line because he was unaware of any purchases made with the money, and in 2001 he discovered that defendant had borrowed $600 from the equity line each month to "reimburse herself ." Such testimony constitutes competent evidence to support the contested finding.
III. Conclusion
In sum, portions of findings # 17 and # 22 are not supported by competent evidence. As a result, the trial court's legal conclusion that defendant failed to rebut the marital presumption with regard to the farm and home is not supported by the findings of fact. Accordingly, we remand this matter to the trial court for further proceedings consistent with this opinion.
REMANDED FOR FURTHER PROCEEDINGS.
Judges GEER and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from orders entered 6 November 2013 and 10 March 2014 by Judge Kevin Eddinger in Rowan County District Court. Heard in the Court of Appeals 18 March 2015.